## No. 1084.

### MRS. EDMOND GUIDRY vs. JAMES E. BROUSSARD.

The tax sale of the separate property of the wife, erroneously assessed in the name of the husband, is null and void, and she may recover it without tendering to the purchaser the amount of the taxes, costs and damages; but he is entitled to recover from her the amount paid by him on account of taxes due on the property, and by which payment she has been benefited.

APPEAL from the Twenty-Fifth Judicial District Court, parish of Lafayette. *Mouton*, J.

---

John Clegg for Plaintiff and Appellant.

M. E. Girard for Defendant and Appellee.

---

The opinion of the Court was delivered by

TODD, J. This is a suit to annul a tax-sale.

The grounds of nullity alleged are substantially these:

First. That there was no assessment of the property in the name

of the plaintiff, the true owner, but it was assessed in the name of another.

Second. That there was no sufficient description of the property.

Third. That no demand for the payment of the taxes was ever made, nor notice of seizure of the property given.

Fourth. That there was no division of the land into lots before its sale.

The defendant in his answer admitted the sale, but denied the nullities alleged, and excepted to plaintiff's right of action, because no tender had been made to the defendant of the taxes, costs, etc., due on the land before the institution of the suit.

There was judgment for defendant, and plaintiff has appealed.

The property sold at the tax-sale was acquired by the plaintiff in 1855, by virtue of an adjudication made under the advice of a family meeting, it having belonged to the community that existed between her and her first husband, Edouard Brasseux. This property she continued to possess as owner from the date of its acquisition to the institution of this suit, May 17, 1877.

The property having been indisputably the plaintiff's, the question we have to determine is whether she was divested of the ownership of it by the tax-sale relied on by the defendant. No one can be deprived of their property except by due process of law. A long line of decisions of this Court has established the doctrine, so often asserted, that even its mention seems trite, and its re-assertion unnecessary, that the validity of a tax-sale must rest upon a strict and rigid compliance with all the requirements and formalities of law relating to the assessments, and all other proceedings pertaining to such sale.

The question arises, does the evidence in the record show such compliance in this case ? It has been held that the assessment is the very basis or foundation of the proceedings relating to tax-sales, and has been very properly likened to a judgment which must precede a sheriff's sale ; and that a proper and legal assessment was just as essential to the validity of the one as the existence of a judgment was to the validity of the other. 30 A. 176 ; 15 A. 15 ; 19 A. 184.

In this case, although the plaintiff was the undisputed owner of the land, yet it is shown that it was not assessed in her name, but assessed as the property of her second husband, Edmond Guidry, now, also, deceased, who had no title or claim to the land whatever. Was such an assessment a proper or legal one?

In the case of Delaroderie vs. Mrs. Anna Hillen, 28 A. 537, the Court said: "It is not in the power of an assessor to vest title in any one by simply entering land in the assessment roll in the name of such person. A tax

collector's deed of sale is *prima facie* evidence of title ; but the property must have belonged to the person to whom it was assessed."

In the case of Thibodaux vs. Keller, 29 A. 508, the property was assessed and sold as that of J. N. Keller; it was shown to have belonged to Keller & Co., of which firm J. N. Keller was a partner, and the sale was annulled on this account.

When we look at the deeds, first to the State, to which the property was adjudicated, and from the Auditor to the defendant, conveying the title that the State purports to have acquired at the first adjudication, we find that they only purport to convey all the right, title, and interest of Edmond Guidry in and to the property in question, and these deeds contain a description differing from the very meagre description made in the assessments.

It is, however, urged that the adjudication to the State was conclusive against the plaintiff, and left her the right only to redeem the property within the time prescribed by law. We cannot assent to this doctrine. If the adjudication to the State was not preceded by a strict compliance with the law necessary to divest the ownership of the plaintiff in the land, the State acquired nothing by the adjudication as relates to the right or title of the plaintiff in the property, and it could convey to the defendant no better right or title than it acquired, and that only purported to be the right and title of Edmond Guidry, which we have shown was no right whatever.

This want of a proper and legal assessment of the property was, then, a fatal defect in the proceeding, sufficient to render the adjudication and sale null and void. See, also, case of Letitia Lague vs. Vincent Boagni, recently decided.

It is, however, urged that the failure on the part of the plaintiff to tender to the defendant the amount paid by him for the taxes, costs, and damages, is an obstacle to her right of recovery, and we are cited to many authorities in support of this proposition.

We have reviewed these authorities thoroughly, and we are satisfied that the principle invoked has been in some cases pushed too far. It is based on the equitable principle, that no one should be permitted to enrich himself at the expense of another, and that he who seeks equity must do equity. We fail to see in this case what principle of equity would require the plaintiff to offer to return an amount which she has never been adjudged or assessed to pay, for which payment had never been demanded of her, and a large portion of which accrued and was charged against her as damages caused by proceedings conducted in utter disregard of her rights and the requirements of the law.

But we find an adequate reason why the exception of the defendant invoking this principle fails to hold good in this case. By referring to

the assessments in the record, we find that this property was assessed to Edmond Guidry, together with other land and personal property belonging to him, and the sale purports to have been made to pay all the taxes assessed against the entire property.

If a tender was necessary, it would have been difficult, if not impossible, to tell the precise sum that was to be tendered. To entitle a party to insist on a tender, the amount must, in legal contemplation, be made to appear definite and certain, so that the act to be done and the duty.performed, if required, might be intelligently performed. We had occasion to pass upon this point in the case of Miller vs. Montagne, recently decided, in which we held that under a state of facts relating to the want of certainty and confusion in an assessment, and the consequent uncertainty in the amount, if any, to be tendered, similar to those here presented, that a tender was not necessary.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be annulled, avoided, and reversed, and there be judgment in favor of the plaintiff annulling the adjudication to the State, and the sale to the defendant complained of, and decreeing plaintiff to be the owner of the land in controversy, reserving to the defendant the right of action to be re-imbursed any amount he may have paid on account of the taxes against said land inuring to the benefit of the plaintiff, defendants to pay costs of both courts.