## No. 1178.

WALTER D. DENÈGRE AND WM. P. DENÈGRE VS. JEAN GÉRAC AND ROMAIN FRANCEZ ET AL.

Where, by proceedings absolutely null and void, property has been adjudicated to the State in tax proceedings, and subsequently the State transfers the same by adjudication to third persons, under Act 107 of 1880, the owner, in reclaiming his property, is not bound to make the State a party, and is not remediless because the State is exempt from suit.

Assessment, advertisements, notices, sale of property, in the name of Denègre and Powell, are absolutely null and void when the property had never belonged to such joint owners, but had been owned by Jas. D. Denègre alone from the moment of its severance from the public domain.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Fontelieu*, J.

*A. & R. DeBlanc* for Plaintiffs and Appellants.

*C. H. Mouton* and *Edward Simon* for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. Under patents from the State of Louisiana dated in 1856, James D. Denègre of New Orleans was the sole and exclusive owner of certain lands in the Parish of St. Martin. He died in 1865

and the property then passed to his widow and heirs, whose entire title thereto is now represented by plaintiffs.

These lands were assessed in 1870, 1871 and 1872 in the name of " Jas. D. Denègre and A. L. Powell, non-residents." The taxes not having been paid, the lands were advertised for sale in 1873, the advertisement stating that they were " assessed in the name of Denègre and Powell."

Application was made to the Parish Court, as directed by law, for the appointment of a curator *ad hoc* to represent non-resident delinquents, amongst whom are mentioned in the petition " Jas. D. Denègre and A. L. Powell."

These names, thus joined by the conjunction *and*, appear in the middle of a long list of names in such shape as to indicate that the conjunction was used to designate those two persons as joint owners of the same property or joint delinquents for the same tax. The curator *ad hoc* testifies in the case that he cannot state how the notices served on him were addressed; but that when notices were addressed to joint owners, he forwarded the same similarly addressed and not one to each joint owner.

At the sale the property was adjudicated to the State under Act 47 of 1873, and the tax collector's act of adjudication describes the property as " assessed in the name of Denègre and Powell." Matters thus stood until 1881, when, under Act 107 of 1880, providing for the sale of property forfeited or sold to the State, the property was again advertised and adjudicated to the defendants, Gérac and Francez, at the price of fifty dollars. The deed to them describes the property as " formerly belong to Denègre and Powell." The present action is brought by plaintiffs to have these titles declared null and void, to recover the property and for other ancillary relief.

The attempt of defendants to shelter themselves beneath the wing of the State cannot be countenanced.

It is true, the effect of this action is to annul or to declare null a sale made to the State. But if the proceedings were, as contended, absolute nullities, neither the State nor her transferree can pretend that the owner is remediless because he cannot sue the State. Rights of property would be indeed insecure if the State, in proceedings to which the true owner was neither actually nor constructively a party, could order her own tax collector to adjudicate to herself a man's property, and then protect the title and possession so acquired from attack on the ground of her sovereign exemption from suit. Oilworks Monition, 34 An. 255.

120

It is clear in this case that the taxes were assessed in the name of Denègre and Powell; that the proceedings were conducted against Denègre and Powell; that the notices, actual or constructive, were addressed solely to them; that the sale was of their property; that the only title acquired by the State was the title of Denègre and Powell, and such was the only title transmitted to defendants. If Denègre and Powell had never been owners of the property and had never held title thereto, obviously the State acquired no title and transferred none to the defendants. The true owner is in no manner affected by these proceedings and transfers. They "touch him not." He goes for his property where he finds it, and when the possessor sets up such pretenses of title, he rightly demands that they be swept aside, and that his property be restored to him.

It is clear that the property in controversy could never have been lawfully assessed except in the name of Jas. D. Denègre, or, after his death, in the name of his succession or of his widow and heirs. If there had been fault on the part of the owner—as, if he had acquired the property from Denègre and Powell, and had not recorded his transfer—different questions might arise. But here, his title was derived directly under patents from the State, and under the law, for the very purpose of correct assessment, list of sales and entries of State lands are required to be sent by the auditor to the assessor, thus conveying knowledge of the title. Act No. 197 of 1855.

It does not appear that Denègre and Powell ever had any connection with these lands, nor does the record offer any explanation whatever how or why such an error crept into the assessment roll. James D. Denègre and his widow and heirs were in no manner affected by assessments, advertisements or notices touching lands in the name of Denègre and Powell. Having no connection with Powell in the ownership of lands, they would have been justified in assuming that such proceedings did not refer to or affect lands which, from the moment of their severance from the public domain, had stood in the exclusive ownership of Jas. D. Denègre. Having no interest in any lands standing in the name of Denègre and Powell, they were not concerned with proceedings for the sale of such lands.

The case falls clearly within the doctrines expounded in the case of Stafford vs. Twitchell, 33 An. 520, and the authorities there cited.

As to plaintiffs all these proceedings were absolute nullities, and the prescriptions pleaded have no application. Lague vs. Boagni, 32 An. 913; Person vs. O'Neill, Id. 228.

Plaintiffs are entitled to relief, so far as the recovery of the property

is concerned; but the evidence furnishes no sufficient support to the claim for damages.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered and adjudged that the adjudication of August 27th, 1873, by the tax collector to the State, and of April 4th, 1881, by the tax collector to Gérac and Francez, of the lands described in the petition, be declared to be absolutely null and void; that the Recorder of the Parish of St. Martin, made defendant herein, be ordered to cancel and erase the inscription of said deeds, and that the title of plaintiffs to the said lands be recognized and that they have and recover possession of the same; and that plaintiffs' demand in damages be dismissed as of non-suit; defendants, Gérac and Francez, to pay costs in both Courts.