Gatlin vs. Hutchinson et al.

## No. 9145.

### JAMES GATLIN VS. J. S. HUTCHINSON ET AL.

In a petitory action based on a title derived from the State, to property said to have been forfeited to the State, it is not enough for the plaintiff to prove his deed and its registry. He should show that the State had acquired a valid title to the property.

APPEAL from the Eighteenth District Court, Parish of Tangipahoa. *Thompson*, J.

*W. B. Kemp* for Plaintiff and Appellant.

*Marr & Reid* for Defendants and Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a petitory action. The plaintiff claims to have acquired on the 12th of March, 1881, for $135 89, a tract of land in the parish of Tangipahoa, composed of 640 acres, from the State of Louisiana, at a sale made thereof, under the provisions of Act 107 of 1880.

The defense is, that the State never acquired title to the land, and could transfer none, the formalities required by law, as conditions precedent to the validity of such acquisition by the State, never having been fulfilled; that the property belongs to the defendants by inheritance.

The prayer is, that plaintiff's demand be rejected and that defendants be quieted and for general relief.

From a judgment adverse to him, the plaintiff has appealed.

On the trial the only evidence offered by plaintiff was his title to the land, derived from the Auditor, and the registry thereof in the conveyance book of the parish.

The offer of defendants to show that the formalities have not been complied with, was resisted by the plaintiff on the ground that it was an attempt to annul a tax title, without having previously tendered the taxes paid, in the shape of a purchase price.

The objection was properly overruled. The title on which plaintiff relies, is not one to property purchased at a sale of it for taxes, due by it; but is a title derived directly from the State, by ordinary contract, such as is daily entered into in conventional sales. In a case like the present one, it cannot be claimed that a tender is necessary as a condition precedent, for although the defendant in a petitory action is not bound to attack the title of the plaintiff, still, he may do so when he specially alleges ownership in himself, and has an interest in having the title opposed to him annulled and so declared.

It was incumbent on plaintiff to have proved not only the title of the State to him and its registry, but also that the State had acquired a valid title to the property. This he has not done.

While the record shows that the. delinquent lists of 1877 was not sworn to by the tax collector and was not advertised as the law require; that it was filed neither in the recorders or auditor's office, it fails to establish that the defendants have any title of ownership in themselves, although it proves possession by them.

The judgment of the lower court correctly rejected plaintiff's demand and properly quieted defendants in the *possession* of the property.

It is affirmed with costs.