No. 13,370.

### Mrs. Clara J. Millaudon et als. vs. Peter Gallagher.

#### Syllabus.

1. The sale of property for taxes, based upon an assessment and other proceedings prior to 1890, in the name of a dead man, is null.

2. A tax adjudicatee, under Act 82 of 1884, who fails to pay the taxes for 1880 and subsequent years, assumed by him, acquires no title, and if he takes possession of the property is a possessor in bad faith in whose favor the prescription of ten years, under C. C. 3479, does not run.

3. The prescription of three years, under Act 105 of 1874, does not cure such radical defects as those above indicated, nor does the prescription of five years under C. C. 3543.

APPEAL from the Civil District Court, Parish of Orleans— *Rightor, J.*

| | |
|---|---|
| 104 | 713 |
| 106 | 234 |
| 107 | 310 |
| 104 | 713 |
| 108 | 14 |
| 104 | 713 |
| 109 | 832 |
| 109 | 834 |
| 104 | 713 |
| 123 | 692 |

*Kernan & Gowland* for Plaintiffs, Appellants.

*E. Howard McCaleb, Emile Pomes* and *Arthur B. Leopold* for Defendant, Appellee.

On the application for rehearing by BREAUX, J.

### STATEMENT OF THE CASE.

The opinion of the court was delivered by

MONROE, J.   This is an action to annul a tax title and to have the plaintiffs decreed to be the owner of two squares of ground in New Orleans.

It is admitted, and otherwise established, that the plaintiffs are the sole surviving heirs of Jeanne Baptiste Jeannin; that said Jeannin acquired the property in question by purchase in 1836 and continued to own it until 1863, when he died; that his succession was opened in the late Second District Court for the Parish of Orleans in 1866, and that the names of his heirs were placed on record in said proceeding, but that no formal judgment putting them in possession has ever been registered in the conveyance office.  In 1886, the two squares in question were advertised for sale, under Act 82 of 1884, as the property of J. B. Jeannin, for the taxes of 1876, 1877, 1878, assessed in that name, and, upon June 20, 1886, they were adjudicated to Domingo Negrotto, Jr., for one dollar each.   Thereafter, in 1888, Negrotto transferred his claim under the adjudication to the Western Land and Immigration Company, to which company the tax collector assumed to execute a deed; and said company, in the following year, conveyed the said squares to the Trustees of the Land Trust of Indiana, who conveyed them to other trustees of the same trust, by whom, in 1896, they were conveyed to Gallagher, the present defendant.  It is admitted that the taxes from 1885 to date have been paid by the Land Trust and its authors, but it does not appear that the adjudicatee, under Act 82 of 1884, or his transferrees, have ever paid the taxes from 1879 to 1885, inclusive, which, under the act mentioned, were required to be paid as a condition precedent to the vestiture of title.

The plaintiffs, Mrs. Clara J. Millaudon, Mrs. Francois Delbert, Pierre Ulysee Jeannin, and Etienne Auguste Jeannin, attack the title of the defendant upon the grounds:

1.   That the tax sale from which the title is derived was based upon

assessments and proceedings in the name of a dead man and was, therefore, null and void.

2. That no notice was given to petitioners, who were the owners, or to the succession of J. B. Jeannin of the intended sale.

3. That neither the adjudicatee nor his transferree have complied with the law under which said sale was made, by paying the taxes required to be paid as part of the purchase price, and hence would have acquired no title even had the property been properly assessed and advertised.

To this defendant answers, setting up title derived in the manner as hereinbefore stated, and pleading the prescription of three, five and ten years.

### OPINION.

We are unable to differentiate this case from those in which it has been held that assessments and other proceedings culminating in the sale of property made and conducted in the name of a dead man have no warrant in law, and convey no title. Stafford vs. Twitchell, 33 Ann. 520; Jackson vs. Wrenn, 36 Ann. 315; Kearns, Curator, vs. Collins, 40 Ann. 453; Edwards vs. Fairex, 47 Ann. 170; Walsh vs. Harang, 48 Ann. 984; Succession of Lacroix vs. Lumber Company, 49 Ann. 1445; Kohlman vs. Glaudi, 52 Ann. 700.

In the cases to which we are referred by the counsel for the defendant, as supporting a different view (Maspereau vs. Batt, 40 Ann. 482; Palmer vs. Board, 42 Ann. 1122; Prescott vs. Payne, 44 Ann. 655: Augusti vs. Bank, 46 Ann. 529; Denegre vs. Bucharan & Donan, 47 Ann. 1159), there were living persons, or existing entities, to represent the names in which the property was assessed, and, those names appearing on the books of the conveyance office, it was held that it was no part of the duty, as it was not within the power of the assessors and collectors to determine, as between such apparent owners and other claimants, in whom the legal title was vested. These cases do not conflict with the jurisprudence as embodied in the cases first above cited. Upon the other hand, cases arising since 1890 stand on a different footing, by reason of the provisions of the Acts Nos. 106 and 140 of the session of that year.

It is not claimed, as far as we are able to discover, that the conditions of Act 82 of 1884, requiring payment of the taxes due subsequent to the adoption of the Constitution of 1879 and prior to the adjudication, have

been complied with. Counsel for defendant say, in their brief, that this difficulty is met by the decision of this court in the matter of Bilgery vs. Land Trust, 48 Ann. 890, in which (it is said by the counsel that) this court sustained a decision of the Circuit Court of the United States, decreeing the taxes in question to have been extinguished, and relieving the property of the inscriptions therefor.

It is true that, in the case cited, this court did hold that a certain judgment rendered by the Circuit Court of the United States, concerning taxes on property adjudicated to Domingo Negrotto, Jr., and by him conveyed to the Western Land and Improvement Company, was binding between the parties thereto and their vendees and assigns. The opinion in that case does not identify any property, however, and from the certified copy of the pleadings and decree in a certain case from the Circuit Court which we find in the record, and which is said to be the one referred to in that opinion, it appears that the matter did not concern the property here in controversy, but related entirely to other squares and parts of squares.

It is well settled that, under such circumstances, no title passed to the original adjudicatee, and it follows that he could have transferred none to his transferree. State ex rel. Martinez vs. Tax Collector, 42 Ann. 677; Reineck vs. Lang, 47 Ann. 914; Johnson vs. Martinez, 48 Ann. 53; Kohlman vs. Glaudi, 52 Ann. 700.

The prescription of three years, set up by the defendant under the act of 1874, does not cure such radical defects in title as are here involved. Parish of Concordia vs. Bertron, 46 Ann. 558; Johnson vs. Martinez, 48 Ann. 52; Marmion vs. McPeake, 51 Ann. 1631; Kohlman vs. Glaudi, 52 Ann. 700.

Still less does the prescription of five years, which, by the terms of the law (C. C. 3543), applies only to informalities. The prescription of ten years, under C. C. 3479, "must be supported by corporeal possession in the beginning, after which if it has not been interrupted, it may be preserved by external use and public signs, announcing the possessors' intention to preserve the possession of the thing, as the keeping up of roads and levees, the payment of taxes, and other similar acts."

Chamberlain et als. vs. Abadie, 48 Ann. 589, 590.

The record before us contains no evidence going to show actual possession by the defendant or his authors, at any time. But, even if it were otherwise, and it appeared that Negrotto took possession June 20, 1886, before any deed was executed, and upon the faith of the adjudica-

tion, he did so knowing that he had not paid the taxes which the law required should be paid as a condition precedent to the vestiture of title, and hence he was a possessor in bad faith. And, if it be conceded that his transferree was a possessor in good faith, nevertheless, the possession had not lasted ten years when this suit was filed, since the deed to the Western Land, Etc. Company, as transferree of Negrotto, bears date December 15, 1888, whereas this suit was filed December 12, 1898.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there now be judgment in favor of the plaintiffs, Mrs. Clara J. Millaudon, born Jeannin, wife of Clement C. Millaudon, Pierre Ulysee Jeannin, Mrs. Widow Francois Delbert, born Jeannin, and Etienne Auguste Jeannin, and against the defendant, Peter Gallagher, decreeing said plaintiffs to be the owners of the property described in the petition, and annulling and cancelling the tax adjudication of said property to Domingo Negrotto, Jr., of date June 20, 1886, as also all subsequent conveyances deriving from said adjudication, including the title set up by the defendant, Peter Gallagher, and authorizing the cancellation of the same from the conveyance office. It is further ordered that the defendant pay the costs in both courts.

BLANCHARD, J., dissents, holding the tax title sufficient.

## ON APPLICATION FOR REHEARING.

BREAUX, J. The application for rehearing is refused, but the decree heretofore handed down is amended so as to reserve to defendant the right to claim against plaintiffs, and against the property in question, reimbursement for taxes assessed against the property, not paid by plaintiffs, but paid by defendant and the authors of his title.

BLANCHARD, J., dissents, holding the tax title sufficient in law and that the rehearing applied for should be granted.

Rehearing refused.