No. 14,113.

ROGER T. BOYLE, TUTOR, VS. JOSEPH B. WEST ET AL.

SYLLABUS.

1. The right of plaintiff to sustain an action must be made evident before defendant can be made to show title in himself.

2. An act of donation, null and void, cannot serve as a basis for a petitory action.

3. Estoppel does not affect those who did not acknowledge the right which one claims.

4. The asserted donor not being estopped and being at liberty as relates to the act of asserted donation to claim the property, and return into its possession as owner, those who bought this property without notice by recital in any deed in which they were concerned that this particular property had been donated are not bound by an informal act of attempted donation.

5. The act was never accepted by the transferree who died years ago.

6. Irregularities in a tax deed and all errors of form not of such a character as to render a tax deed absolutely null and void, are cured by the prescription of three years.

7. The tax deed attacked was not absolutely null and void.

A PPEAL from the Eleventh Judicial District, Parish of Red River. —*Porter, J.*

*Sutherlin & Hall,* for Plaintiff, Appellant.

*Alexander & Wilkinson,* for J. B. West, Defendant, Appellee.

*Alfred Dillingham Land, Jr.,* for Marshall Heirs and Green Bros., Defendants, Appellees.

*Wilkinson & Carter,* for A. Williams, Mrs. Bertha Williams and Mrs. N. B. Walmsley, Defendants, Appellees.

The opinion of the court was delivered by

BREAUX, J. The suit was brought by plaintiff, tutor and guardian of

his minor child, against the defendant, Joseph B. West, to have a tax sale decreed null. The land claimed is an undivided one hundred acres in a tract measuring eleven hundred and twenty acres, and is also referred to as part of a fourth of the tract, that is, one hundred acres of two hundred acres of the eleven hundred in question. This land was given to the plaintiff's late mother by Mrs. Mary A. Nelson.

On the ninth of July, 1892, the tax collector sold this undivided interest (which plaintiff claims by inheritance from her mother) at tax sale to Sam Lisso, Katie Lockett, and Paul Lisso, and executed a tax deed to them as buyers. Plaintiff avers that this sale is null because the assessor sold it without warrant, and, further, that the property was not correctly assessed; that the tax deed does not show for what year the taxes were claimed for which the property was sold; that the assessment was never signed or verified in any way; the assessment was not made in the name of the owner, who was an absentee without legal representative; that the assessment was made in the name of the tutor; that the advertisement was illegal; that the tax deed is incomplete as it does not set forth the day of sale, or the hour, or the date from which, and to which, the property was advertised, the amount of each, the State and parish taxes, interest and costs. Plaintiff also contends that the tax collector did not offer the least quantity of property anyone would buy for the amount of the taxes, interest, and costs, and that no notice was ever given to the owner of the property.

In order to meet any possible attack on the title of her mother, from whom she inherited, plaintiff averred that in July, 1893, the eleven hundred acres before mentioned, less the one hundred acres interest, which had been transferred by Mary A. Nelson to plaintiff's mother, were sold at sheriff's sale to Henry and Charles Newman, and in 1894, they, Henry and Charles Newman, sold the same land, less the one hundred acres before mentioned. To prove the recognition of her title by defendants, plaintiff further alleged that in different acts particularly referred to, her land was always excepted, save in an act of partition entered into by the different owners. In this act of partition, however, as shown by recitals of the procuration of the agent who represented defendants' author, a reference is made to the land claimed by plaintiff in such terms as plaintiff claims was a recognition of her title.

The fact remains that in April, 1900, Mrs. Bertha Williams, defendants' author, sold to him, defendant, four hundred and fifty acres of land embracing the one hundred acres before mentioned, and that no reference whatever was made in the deed of transfer to the one hundred acres which were transferred to the defendant, together with other lands of the vendor, including these undivided one hundred acres.

Defendant, on the other hand, contends that plaintiff never was the owner of the one hundred acres in question, and attacks the act under which she claims as an illegal and invalid donation. In case this defense be overruled, the defendant further contended that the tax sale, plaintiff in this suit attacked, is valid. The warrantors appealed in the case and joined issue with the plaintiff.

We will refer to other facts, not before noted as may become necessary, while considering the issues of the case. The judge of the District Court rejected plaintiff's demand. From this judgment, plaintiff appeals.

We announce nothing new in stating that a *bona fide* possessor, under a title *prima facie* good, can, when sued, compel the one by whom he is sued to show that he has a title better than his own. Heirs of Delogny vs. Mercer, 43 Ann. 205.

Plaintiff contends that *" all parties to this suit trace their title to a common author; that each defendant has recognized plaintiff's title in written acts under which he claims to hold plaintiff's land."* If at any time within the course of this litigation, learned counsel should succeed in proving the correctness of the proposition just announced, our conclusion on this point of the case would have to be changed.

The defendants and plaintiff do not trace their title to a common author, for, as relates to a transfer in commerce as between vendor and vendee, plaintiff has no title. We use the words vendor and vendee just above for the reason that while plaintiff's title may be title enough to justify an assessor in assessing the property in her name, it is not sufficiently legal to prevail against one, as defendant here, owning an adverse title and holding an adverse possession.

Plaintiff produces an act of asserted donation under private signature which has never been accepted by the late donee, which is so absolutely null that it cannot be ratified by the donor without an authentic act covering all essential formalities and which would be without effect against third persons, save from the date of ratification.

The attempted transfer by Mrs. Nelson is unquestionably an absolute nullity.

Plaintiff's contention is that the title, such as it is, has been vitalized by the acts and avowals of the defendants as made evident by the recitals in deeds to which they were parties.     .

The procuration held by the agent of Mrs. Williams, defendants' author, excepted the one hundred acres as not to be included in the partition. Through this procuration she was a party, and at most, if any one was bound by its terms, she was, and not the other parties to the act who took no part in recognizing any title in plaintiff. They ignored all rights in her and divided the property, each in proportion of one-fourth. By the effect of this act, each to the extent of his interest, acknowledged the title of the others.

At most, they may be held to have admitted that their co-partitioner, Mrs. Williams, in the procuration, recognized the title of plaintiff, but the force of this is broken by the fact that Mrs. Williams' agent ignored the clause in question in the procuration and joined the other owners in dividing the property without the least reference to the one hundred acres in question. Plaintiff seeks to hold her bound to a recognition of her title, because, subsequent to this act of partition, Katie Lockett and Sam and Paul Lisso, who had bought at tax sale, sold her the property in question.

This was not recognition, particularly of the validity of plaintiff's title. She sought thereby to perfect her title. It remained that by the terms of the act she only held one-fourth of the property in dispute to which she sought to confirm her title as if, as we believe was the case, she was considered to have received the one hundred acres in the partition, she only became owner of the rights under the tax deed she bought and she sought an absolute title to this last mentioned land by buying the title of the buyers at tax sale before mentioned. In other words, she, at the date of the partition, only owned one-fourth interest, *less the one hundred acres.*

Be this as it may, should West be held to admission made by his vendor to such an extent as that he is estopped from questioning the title under which plaintiff claims? To this we answer he has never committed himself to the validity of this title.

If the act attacked as an invalid donation was binding enough upon the asserted donor and donee to justify the assessor in assessing it in

the name of the latter, although not binding as a legal act on the ground that the assessor is not called upon to investigate the validity of titles of record, the defendant who substantially became the owner of the title cannot be held estopped because some one in interest, prior to the sale, chose to recognize the illegal act.

The court has decided that " it is no part of the assessor's official duty to call in question the verity of that title and go back to a former title." Prescott et als. vs. Payne, 44 Ann. 656; Williams vs. Landry, 47 Ann. 5.

It may be one of the sales in the chain of title and yet leave the defendant in a position to urge successfully that the title under which plaintiff claims, being one which the donor may, if she chooses, recall and treat as void, is not one by which he should be held bound. It must be borne in mind that the defendant traces title both to the act of partition and to the tax sale.

We take it that plaintiff's transfer is not claimed as a title, but it is invoked to support the plea of estoppel. A plea not particularly favored and not to be sustained unless it is evident that the one against whom it is pleaded, is estopped.

On the face of the papers, the defendant had the right to assume that each party to the partition had a good title to the extent of his interest, and that each was committed to the title.

Although tempted to stop here, in our study and discussion of the issues, we take up for decision the other contentions involved, growing out of the plaintiff's attack on the tax sale.

Plaintiff *contends that a tax deed must recite and show legal authority of the officer to sell.* We think that on this score the tax deed substantially complies with the requirements of law. True, there may be deficiencies in the recitals, but they are not, as we think, beyond the curative effects of the prescription pleaded.

The next objection of the plaintiff is *that Act 106 of 1890, confers no authority to sell; that the tax deed recited that the tax sale was made in pursuance of the Constitution and laws of the State and especially the act just cited; and that this specialized and restricted the deed to the cited act and that the deed cannot be maintained on the ground that Act 85 of 1888, not referred to herein, authorized the sale.*

The court has considered a similar question and decided adversely to the contention that plaintiff now sets up. The sale it was said

in the decision cited *infra* was vitiated because the deed referred to a repealed act as warrant for the sale and to no other acts. The court held that this did not have the effect of vitiating the sale. Sims vs. Walshe, 49th Ann. 781.

Decisions in tax matters establish a rule of property which will not be disturbed unless it is manifest that an error has been committed.

Plaintiff urges that *a tax deed must recite and show for what year the taxes for which the sale was made were assessed.* The taxes were due and the evidence showed the year for which they were due. Whatever irregularity this may have been, we consider that it falls within the curative effect of the three years' prescription pleaded. The record of evidence other than the deed properly admitted, we think, shows that the property was sold for the taxes of 1891. This evidence only went to supply blank places in the deed, evidently omitted by oversight.

Another ground of complaint by plaintiff is that *Section 27 of Act 96, Extra Session of 1877, required the assessment rolls to be signed by the assessor and certified to by him under oath, and prescribes the form of both.* This would perhaps have some weight if timely urged. We are convinced that it was never the intention of the Legislature to leave it in the power of a negligent assessor to defeat the collection of the taxes by his negligence to properly sign the rolls.

In Oteri vs. Parker, 42 A. 374, a case it is true, from the Parish of Orleans, the want of legal authentication, it was held, did not vitiate the assessment.

The statute cited above, as not repealed, was general, and to have effect throughout the State. The court having decided that the omission to authenticate in time, did not operate nullity of an assessment in New Orleans, the ruling must be equally as good in the parishes.

The next ground as stated by the plaintiff that *where a mother resides and dies in Texas leaving lands in this State and as her only heir a minor child in Texas where the father is qualfied as guardian there, but never recognized as tutor here, under C. C. 863, and the heir has never been put in possession, the property ought to be assessed in the name of the estate of the mother as the owner. The assessment in the name of the father is null. The assessment must be in the name of the owner.*

We can only say in answer: the name of the owner of the property

is descriptive; a tax sale may be made and acquire validity in time, although there is an irregularity in this respect. We must say that assessment in the name of the tutor, as plaintiff contends, should have been done, would not have been any more in the name of the owner than it was when it was assessed in the name of the tutor.

*Description,* says the plaintiff, *must be sufficient to identify the property and put the purchaser in possession; the substitution of the word "of" for "and" in the assessment excludes all lands not indicated in the erroneous description.* This, to an extent, is true. It may well be, none the less, that despite the clerical error made in substituting the word "of" for "and" there remains enough of the description to identify the property. The designation which affords ample means of identification. Cooley on Taxation, p. 286.

*The asserted want of notice is another of plaintiff's grounds of complaint.* This always presents an issue of importance. Notice is a fundamental and judicial requirement never to be overlooked or slightly considered. Here the question resolves itself into one of fact. There was notice as shown by the usual indicium kept by the sheriff by whom it was mailed and, besides, the tutor was specially written to by the sheriff and tax-collector in regard to the delinquent taxes prior to the sale and answers were received to these letters.

*Plaintiff questions the legality of notice by the tax-collector sent to the tax-payers who reside out of the State.* This, were it sustained, would place beyond the possibility, frequently, of collecting taxes from absent owners, although all property is subject to the levy of the tax and the owners to its payment. A notice sent beyond the limits of the State is, in our views, if received by the tax-payer, as binding as if delivered to him within the confines of the State. The law making power has established a method of giving notice which is binding when received even beyond the State limits.

The collector says plaintiff was required to sell the least quantity of property which any bidder would buy for the amount of the taxes, interest, and costs. Const. 1879, Art. 210; Act 85 of 1888, Section 53. The collector "did then and there offer *for sale, at public auction to the last and highest bidder the least quantity of said land anyone would buy for the amount of taxes"* and he declares in the deed *that he offered to the last and highest bidder the least quantity anyone would* buy, but there is another recital setting forth that he sold the whole property to the highest bidder, in this, somewhat conflicting

with the first recital here mentioned. The defendant supplemented the deed by showing that the collector did offer the least quantity.

We find it impossible to agree with the learned counsel for the plaintiff in the statement that it is not sufficient that the *deed or proof should show merely that the offer was to sell the least quantity anyone would buy, but that it was necessary that the collector should designate some particular or specific portion or quantity so that the purchaser would know the extent and situation of the property proposed to be sold and so that delivery could be made.*

We have seen that the property was undivided. In consequence, it was not possible to offer a specific portion, and it became necessary, in order to effect a sale, to offer it, as it was offered, to the highest bidder who would buy the least quantity.

In the cited case of Land Co. vs. Fasnacht, 47th Ann. 1294, and Bristol vs. Murff, 49 A. 357, the court was not dealing with the sale of property held in indivision. Moreover, we do not think that either of these decisions sustain the view that under all circumstances the least specific quantity or the particularly described property should be offered.

With reference to the objection that verbal testimony was not admissible to correct or supply omissions in the deed, we can only say that the tax sale conveyed the property, and that even after the deed had been signed it was possible, within proper limits and restrictions, to make such corrections as were needful to make the deed correspond with the facts; in other words, to make it the proper record of the manner in which the law was executed.

This brings us to defendant's plea of prescription of two, three and five years. When the nullity is not absolute and the act void, the prescription of three years will operate as a bar to a judgment setting aside a tax sale. Breaux vs. Negrotto, 43rd Ann. 426; Sinnott vs. City, 43 A. 726.

The facts with reference to prescription are: The sale attacked by plaintiff is dated July 9th, 1892. Suit was brought January 7th, 1895, to set aside the tax sale. Plaintiff failing to appear when called, his suit was dismissed on 9th January, 1897. The present suit was brought in March, 1901, more than three years after the dismissal of the first suit.

We have gone beyond the limits we intended, after we had made an analysis of the facts. Returning to our original purpose, we feel

justified in holding that the defendant holds under a tax deed, at least, *prima facie* valid, and that he has a right to possession until the owner sets up and recovers on a valid title. There is, in our view, an outstanding title, which is in the way of any action of plaintiff standing in judgment as one having the right to have a tax title, which is, at least, *prima facie,* decreed a nullity.

For the reasons assigned, the judgment appealed from is affirmed.

PROVOSTY, J., not having heard the argument, takes no part.

Rehearing refused.