139 LA.—12

(71 South. 536)

No. 20007.

GILMORE v. FROST–JOHNSON LUMBER CO.

(March 6, 1916. Rehearing Denied April 3, 1916.)

*(Syllabus by the Court.)*

1. ADVERSE POSSESSION &ctdot;14—PRESCRIPTION —PHYSICAL POSSESSION—NECESSITY.

Civil possession, evidenced only by signs indicating an intention to possess, cannot be a basis for the prescription of ten years unless it commenced with physical possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 77–81; Dec. Dig. &ctdot;14.]

2. TAXATION &ctdot;805(4)—TAX TITLE—ADVERSE POSSESSION—RECORDING OF TAX DEED.

The prescription of three years, under article 233 of the Constitution of 1898, does not commence until the tax deed is recorded in the official or authorized conveyance register of the parish in which the property conveyed is situated, whether the tax sale was made before or after the adoption of the Constitution.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1596; Dec. Dig. &ctdot;805(4).]

3. TAXATION &ctdot;689(2)—SALE OF FORFEITED PROPERTY—SETTING ASIDE OF TAX SALE— LIMITATIONS—"SALE FOR TAXES."

A sale made by the state pursuant to the provisions of Act No. 80 of 1888, of property that had been forfeited or sold to the state for delinquent taxes, is not a "sale of property for taxes," within the meaning of article 233 of the Constitution, providing that no sale of property for taxes shall be set aside, except for certain causes, unless the proceeding to annul it is instituted within three years from the date of recordation of the tax deed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1381; Dec. Dig. &ctdot;689(2).]

4. TAXATION &ctdot;805(2)—TAX SALE—ACTION TO NULLIFY—PRESCRIPTIVE TITLE.

The prescription of three years, under section 5 of Act No. 105 of 1874, like the prescription of five years provided in article 3543, Civ. Code, cannot defeat an action of nullity founded upon a radical defect in a tax sale, such as that the property was sold under an assessment made in the name of one who did not own it.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1594; Dec. Dig. &ctdot;805(2).]

5. ADVERSE POSSESSION &ctdot;14—PRESCRIPTION —TAX TITLE—PLEA OF PRESCRIPTION—ACTUAL POSSESSION.

The holder of a tax title must have had actual possession of the property to maintain a

plea of prescription of three years, under section 5 of Act No. 105 of 1874.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 77–81; Dec. Dig. ☜14.]

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Robert S. Ellis, Judge.

Action by William V. Gilmore against the Frost-Johnson Lumber Company. From judgment for plaintiff, defendant appeals. Affirmed.

R., C. & S. Reid, of Amite, for appellant. J. C. & Thomas Gilmore, of New Orleans, and Edward N. Pugh, of Donaldsonville, for appellee.

O'NIELL, J. The defendant has appealed from a judgment annulling the appellant's tax title for 326.66 acres of timber land, described as the east half of section 13, township 7 south, range 5 east, and condemning the defendant to pay $40 damages for timber taken from the land.

The plaintiff claims title by mesne conveyances from James E. Zunts, who acquired title from the state under a patent dated the 5th of August, 1857. The defendant claims title through mesne conveyances from Robert A. Corbin, who purchased from the state at a public sale made by the sheriff and ex officio tax collector of Livingston parish, under the provisions of the Act No. 80 of 1888, on the 20th of July, 1889. The land had been adjudicated to the state on the 30th of April, 1884, for the unpaid taxes of 1883, assessed in the name of "Stone & Co.," under the provisions of the Act No. 96 of 1882. At that time the deed from James E. Zunts to the plaintiff's author in title, Judson & Co., was recorded in the conveyance records of Tangipahoa parish, but not in Livingston parish, where the land was situated. There is no evidence that "Stone & Co." ever owned or claimed the land in contest. There is an admission in the record that the courthouse was destroyed by fire on the 14th of October, 1875; but no testimonial proof or secondary evidence whatever was offered regarding "Stone & Co."

The tax deed from "Stone & Co." to the state was never recorded in the conveyance records of the parish of Livingston, but a copy was contained in a book labeled "F. W. Miscar, Sheriff and Tax Collector, Parish of Livingston, State of Louisiana." This book is described by a witness who testified that he was a deputy clerk and recorder in 1905 and 1906, and that he considered the book a part of the conveyance records of the office, as made up of the printed forms of the tax sales "for the year 1885, bound and then filled out by the clerk." It was admitted, however, by the parties to this suit, during the trial, that the conveyance records of the parish of Livingston are marked "Conveyance Records" and have indices, and that "Conveyance Book No. 4" was the current conveyance record of that parish during the period embraced in the book marked "F. W. Miscar, Sheriff," etc.

No one has ever resided upon or actually occupied the land in dispute; in fact, there are no buildings on it. When the plaintiff purchased it, in July, 1890, he went upon the land and left in charge of it a man who resided half a mile away, and who thereafter went over the land at such times as he deemed necessary to prevent trespassing upon it. The defendant purchased all of section 13, in township 7 south, range 5 east, on the 1st of August, 1907, and had it surveyed and the boundary lines blazed in September, 1908. The trees were marked with three hacks on the side opposite section 13 and with the peculiar brand of the defendant company on the side facing the section marked. The brand had been recorded in the parish of Livingston and in two adjoining parishes, and had been published 90 days in the official journal of each parish. The defendant then also put upon eight or nine

boundary trees tin signboards, 12 by 18 inches in size, bearing the warning: "No trespassing on the lands of Frost-Johnson Lumber Company." The man having charge of all the timber lands of the defendant company testified that he rode over the land in contest to prevent trespassing upon it at least 12 times—perhaps 24 times—during the 5 years after the defendant had bought it. The plaintiff's agent notified him promptly when the defendant had the land surveyed, but no actual interference was made by or on behalf of the plaintiff. Certain stavemakers began work on the land, under a contract with the defendant company, in January, 1911, and finished while this suit was pending. The suit was filed and service of the petition was accepted and citation waived on the 8th of March, 1908.

The land in contest was assessed to "Stone & Co.," and to no one else, on the assessment rolls of 1880, 1881, 1882, 1883, and 1884. On the roll of 1885 it appears in the list headed "Lands Adjudicated to the State for the Year 1883." It does not appear at all on the assessment roll of 1886; and on the rolls of 1887, 1888, and 1889 it was assessed only to Wm. V. Gilmore, under the heading "Supplemental Roll for Back Years." This is explained by the fact that the plaintiff paid the taxes for 1887, 1888, 1889, and 1890 on the 6th of October, 1890, after he had bought the property. The land was also assessed to R. A. Corbin on the original roll of 1889, and he paid the taxes of that year. Thereafter it was assessed every year in the name of W. V. Gilmore, and also in the name of R. A. Corbin (or one of his transferees), and the taxes were paid each year under both assessments.

Counsel for the defendant contends that the defendant has had physical possession of the land in contest continuously since September, 1908, and that, although the plaintiff alleged in his petition that he was in possession of the land and demanded damages for the alleged trespass and slander of title in this action of nullity of the defendant's tax title, he was not in possession, and therefore must be regarded as the plaintiff in a petitory action. It cannot affect the decision of this case to assume that the defendant took physical possession of the land in contest in September, 1908, and was in actual possession therefore more than one year, but less than three years, before the acceptance of service of the petition in this suit.

The defendant relies upon the following pleas of prescription, filed in this court, viz.:

(1) The prescription of ten years, under article 3478 of the Civil Code; (2) the prescription of three years, under article 233 of the Constitution, against the plaintiff's attack upon the sale made by the sheriff and ex officio tax collector of Livingston parish to Robert A. Corbin, dated the 20th of July, 1889; (3) the prescription of three years and of five years, under section 5 of Act No. 105 of 1874, as a bar to the action to invalidate the adjudication to the state, dated the 30th of April, 1884, and the action to invalidate the sale made by the state to Robert A. Corbin on the 20th of July, 1889; and (4) the prescription of five years, under article 3543 of the Civil Code, as a bar to the action to annul either the auction sale in the name of Stone & Co. to the state, dated the 30th of April, 1884, or the auction sale by the state to Robert A. Corbin, dated the 20th of July, 1889.

### Opinion.

[1] The plea of prescription of ten years, under R. C. C. art. 3478, cannot prevail, because there is no evidence that the defendant or any of its authors in title had physical or actual possession of the property ten years before the institution of this suit; in fact, the defendant does not claim that there was any actual possession of the land before September, 1908. Article 3487, R. C. C., pro-

vides that civil possession will suffice to complete a possession already begun, provided it has been preceded by corporeal possession. In Millaudon v. Gallagher, 104 La. 716, 29 South. 307, and again in George et al. v. Cole et al., 109 La. 834, 33 South. 784, in both of which cases the prescription of ten years was invoked in defense of a tax title, this court quoted from the decision in Chamberlain et al. v. Abadie et al., 48 La. Ann. 587, 19 South. 574, that:

The prescription of ten years, under R. C. C. arts. 3478 and 3479, "must be supported by corporeal possession in the beginning, after which, if it has not been interrupted, it may be preserved by external and public signs announcing the possessor's intention to preserve the possession of the thing, as the keeping up of roads and levees, the paying of taxes, and other similar acts."

Hence civil possession, evidenced by mere signs indicating an intention to possess, is not a basis for the prescription of ten years unless it began with actual physical possession.

[2, 3] The defendant invokes the prescription of three years, under article 233 of the Constitution, only in defense of the attack upon the sale made by the tax collector to Robert A. Corbin on the 20th of July, 1889. The plea is not invoked in defense of the attack upon the tax sale made in the name of Stone & Co. to the state on the 30th of April, 1884. That sale could not be the basis of the prescription of three years, under article 233 of the Constitution of 1898, because the tax deed was not recorded in the authorized or official conveyance book. The article of the Constitution provided that the three years should commence from the adoption of the Constitution as to tax sales that had already been made, and from the date of the recordation of the tax sales to be made thereafter. The object in providing that the prescription should run from the adoption of the Constitution, instead of from the date of registry, as to tax sales that were made before the adoption of the Constitution, was to avoid giving the law a retroactive effect. The provision that the prescription should run from the date of registry of tax deeds made after the adoption of the Constitution, instead of from the date of the execution or signing of the deeds, shows plainly that it was not intended that the prescription should apply to an unrecorded tax sale, whether made before or after the adoption of the Constitution. Therefore the only question presented for decision with regard to this plea of prescription is whether it applies to a sale made by the state pursuant to the provisions of the Act No. 80 of 1888.

The tax deed in the name of Stone & Co. purports to convey to the state only "the right, title, interest, and claim which the said Stone & Co. on the 21st of April [1884], or at any time since, had in or to the said property or any part thereof." As Stone & Co. had no title whatever to the property, it follows that the state acquired nothing, without the aid of the prescription or statute of repose provided in article 233 of the Constitution.

Several like statutes were enacted before the adoption of the Act No. 80 of 1888, all providing for the sale by the state of property that had been forfeited or adjudicated to the state for unpaid taxes; e. g., Act No. 107 of 1880, Act No. 98 of 1882, and Act No. 82 of 1884. It has been held consistently that a sale made by the state under the provisions of any of these statutes is not a "tax sale," or "sale of property for taxes," within the meaning of article 210 of the Constitution of 1879, which, except for the prescription of three years, corresponds with article 233 of the Constitutions of 1898 and 1913.

In the case of Gatlin v. Hutchinson, 36 La. Ann. 350, where the plaintiff had pur-

chased from the state, under the provisions of Act No. 107 of 1880, Chief Justice Bermudez for the court said:

"The title on which plaintiff relies is not one to property purchased at a sale of it for taxes due by it, but is a title derived directly from the state, by ordinary contract, such as is daily entered into in conventional sales."

The decision quoted above was cited with approval in Wilbert v. Michel, 42 La. Ann. 856, 8 South. 607, with reference to the statute now under consideration (Act No. 80 of 1888) ; and the court added that the validity of a title acquired from the state under the provisions of that statute depended entirely upon the validity of the forfeiture or adjudication to the state.

Referring to article 210 of the Constitution of 1879, in Breaux v. Negrotto, 43 La. Ann. 433, 9 South. 502, where the defendant relied upon a deed from the state under the provisions of Act No. 80 of 1888, it was said:

"This article refers to sales of property for taxes, and can have no application to the property which the state sells and to which she has title, whether acquired at tax sale or otherwise. But, if the state acquired no title to plaintiff's property because of radical defects in the tax proceeding, she would convey no title to the defendant under the sale made in pursuance of Act 80 of 1888. Guidry v. Broussard, 32 La. Ann. 926; Gibson v. Hitchcock, 37 La. Ann. 209; Baton Rouge Oil Works v. Dundas, 34 La. Ann. 255; Denegre v. Gerac, 35 La. Ann. 952; Gatlin v. Hutchinson, 36 La. Ann. 350; Garig v. Bush & Levert, 35 La. Ann. 1109."

If a sale made by the state under the provisions of Act No. 80 of 1888 was not a "sale of property for taxes," within the meaning of article 210 of the Constitution of 1879, it is not a "sale of property for taxes" within the meaning of precisely the same language in article 233 of the Constitutions of 1898 and 1913, which provide that:

"No sale of property for taxes shall be set aside for any cause, except on proof of dual assessment, or of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within * * * three years from the date of recordation of the tax deed," etc.

The doctrine announced in Breaux v. Negrotto was quoted and affirmed in Sims v. Walshe, 49 La. Ann. 792, 21 South. 861, and in Kohlman v. Glaudi, 52 La. Ann. 708, 27 South. 116, and no suggestion has been made that it is not applicable to the present case or should be overruled. It was affirmed in Leathem & Smith Lumber Co. v. Nalty et al., 109 La. 325, 33 South. 354. Our conclusion is that the prescription of three years provided in article 233 of the Constitution of 1898 and 1913 has no application to the sale made by the state pursuant to the provisions of Act No. 80 of 1888.

[4, 5] Referring to the defendant's plea of "prescription of three years and five years provided by section 5 of Act 105 of 1874," we observe that the section referred to merely provides that:

"Any action to invalidate the titles to any property purchased at tax sale under or by virtue of any law of this state, shall be prescribed by a lapse of three years from the date of such sale."

The statute makes no provision for prescription of five years. The prescription of three years, under that act, cannot prevail in this case, for two reasons: First, because it does not bar an action of nullity founded upon a radical defect, such as a sale in the name of one who was not the owner of the property; and, second, because the holder of the tax title must have had actual possession for three years to maintain that plea of prescription.

The prescription of five years, in the terms of article 3543, R. C. C., applies only to "informalities connected with or growing out of any public sale." In support of the proposition that a tax sale of property under an assessment in the name of one who was not the owner contains a radical defect that is not cured by the prescription of three years, under Act No. 105 of 1874, nor by the prescription of five years, under R. C. C. art. 3543, we refer to the decision in Lague v. Boagni, 32 La. Ann. 912, cited with approval

in Hickman v. Dawson, 33 La. Ann. 442; Roberts v. Zansler, 34 La. Ann. 209; Davenport v. Knox, 34 La. Ann. 409; Wederstrandt v. Freyham, 34 La. Ann. 707; Hickman v. Dawson, 35 La. Ann. 1087; Barrow v. Wilson, 39 La. Ann. 409, 2 South. 809; Robinson v. Williams, 45 La. Ann. 492, 12 South. 499; Cane v. Herndon, 107 La. 599, 32 South. 33; Terry v. Heisen, 115 La. 1075, 40 South. 461. See, also, Kohlman v. Glaudi, 52 La. Ann. 700, 27 South. 116, and Millaudon v. Gallagher, 104 La. 716, 29 South. 307, where it was said:

"The prescription of three years set up by the defendant under the act of 1874 does not cure such radical defects in title as are here involved. Parish of Concordia v. Bertron, 46 La. Ann. 358, 15 South. 60; Johnson v. Martinez, 48 La. Ann. 52, 18 South. 909; Marmion's Heirs v. McPeak, 51 La. Ann. 1631, 26 South. 376; Kohlman v. Glaudi, 52 La. Ann. 700, 27 South. 116. Still less does the prescription of five years, which by the terms of the law (Rev. Civ. Code, art. 3543) applies only to informalities."

See, also, George et al. v. Cole et al., 109 La. 834, 33 South. 784.

In support of the proposition that the holder of a tax title must have actual possession to maintain the plea of prescription of three years, under section 5 of Act No. 105 of 1874, we refer to the decision in Breaux v. Negrotto, 43 La. Ann. 426, 9 South. 502, cited with approval in McWilliams v. Michel, 43 La. Ann. 989, 10 South. 11; Robinson v. Williams, 45 La. Ann. 492, 12 South. 499; Michel v. Stream, 48 La. Ann. 347, 19 South. 215; Russell v. Lang, 50 La. Ann. 38, 23 South. 113; Hansen v. Mauberret, 52 La. Ann. 1568, 28 South. 167; Boyle v. West, 107 La. 354, 31 South. 794; Scott v. Parry, 108 La. 13, 32 South. 188; In re Seim, 111 La. 560, 35 South. 744; Boagni v. Pacific Imp. Co., 111 La. 1069, 36 South. 129.

Our conclusion is that none of the defendant's pleas of prescription can prevail in this case.

The judgment allowing the plaintiff $40 damages for the timber taken by the defendant is correct, in view of the testimony of the defendant's agent that 2,000 staves were made from the plaintiff's timber, and were worth 2 cents each.

The judgment appealed from is affirmed at the cost of the appellant.