EASTERN DIS.
*May,* 1841.

FREDWOST
& WIFE
*vs.*
DAILY ET AL.

## FREDWOST & WIFE *vs.* DAILY ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

An action for damages, claiming $500 for injury sustained in assaulting and beating the plaintiffs, without provocation. Judgment for the full amount, supported by the evidence and affirmed.

This is an action for assault and battery committed on both plaintiffs by the defendants Peter and Owen Daily, claiming $500 in damages.

EASTERN DIS.
*May,* 1841.

FREDWOST
& WIFE
*vs.*
DAILY ET AL.

The defendants pleaded a general denial; and aver, that if they used any violence it was done in a passion without knowing what they were doing.

The evidence fully proved the assault and beating of the plaintiffs without the least provocation. The jury assessed the damages at $500, the full amount claimed. There was judgment confirming the verdict from which the defendants appealed.

*M'Kinney*, for the plaintiffs.

*Preston*, contra.

*Garland, J.* delivered the opinion of the court.

This is an action for an assault and battery, committed on both the plaintiffs, who say they were beaten in a most cruel manner, and lay their damages at $500. The defendants first plead the general issue and further say if they did beat the plaintiffs, they were in a "great passion without knowing what they were doing and upon great provocation such as ought to excuse what they may have done."

The evidence shows that both the defendants were intoxicated, riotous and noisy in a coffee-house where Fredwost was seated playing dominos with another person. It does not appear the plaintiffs gave either of the defendants the slightest provocation, to justify one of them in knocking down and kicking the woman, and the other in beating the man in such a manner as to confine him to his bed for nearly a week, according to the testimony of the attending physician and another witness.

The judgment is for the full amount of the damages claimed and we see no reason to reverse it.

The judgment of the District Court is affirmed with costs.