## PAHNVITZ *v.* FASSMAN.

The granting of new trials rests in the discretion of the courts of the first instance ; and the Supreme Court will not attempt to control it but in very clear cases.

Where an application for a new trial rests on the ground of newly discovered evidence, the party must make his vigilance apparent; if it be left in doubt, his application must fail.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *C. Janin*, for the appellant. *W. H. Hunt*, for the defendant, contended

PAHNVITZ.
v.
FASSMAN.

that the judgment below was correct, and the new trial properly refused, citing 18 La. 535. 1 Rob. 93. Graham on New Trials, 473, 485. The judgment of the court was pronounced by

ROST, J. This is an action of redhibition. The plaintiff seeks to annul the sale of a female slave made to him by the defendant, on the ground that the said slave was addicted to running away before he purchased her. The defendant pleaded the general issue, and called his vendor in warranty. Many witnesses were examined on both sides, in relation to the redhibitory vice alleged; and the plaintiff has appealed from the judgment rendered against him on the evidence. The case turns exclusively upon a question of fact, and the evidence in the record fully justifies the conclusion to which the judge came.

The appellant's counsel has called our attention to a motion made by him for a new trial, and supported by the affidavit of his client, "that since the trial of the cause, and even since judgment was rendered, he had discovered important evidence which he could not obtain before, although he had used every effort and diligence in his power." Two of the witnesses mentioned in the affidavit reside in the city of New Orleans, and the other in the adjoining city of Lafayette.

The judge of the court below, considering it strange that the plaintiff should have discovered all this additional evidence within three days after the judgment, and that all his efforts and diligence should not have enabled him to discover it in the fourteen months which elapsed from the institution of the suit until the trial of it, was of opinion that proper diligence had not been used, and refused the new trial.

The granting of new trials rests within the discretion of the judge of the first instance, and the Supreme Court has not been in the habit of controlling that discretion in any but very clear cases. When the application rests on the ground of newly discovered evidence, "the party must make his vigilance apparent, for if it is left even doubtful that he knew of the evidence, or that he might, but for negligence, have known and produced it, he cannot succeed in his application. Graham on New Trials, 473. *Bonnet* v. *Legras*, 1. Rob. 93. 18 La. 535. The vigilance of the appellant in this case is more than doubtful, and we cannot interfere.                    *Judgment affirmed.*