GLADNEY, Judge.
Plaintiff, Henry R. Gibson, has appealed from a judgment against his employer and its insurance carrier awarding, with incidental expenses, workmen’s compensation at the rate of $29.12 per week from April 8, 1952 to October 15, 1952. As appellant he asks that the judgment be amended to grant compensation during disability not to exceed 400 weeks. Appellees have answered the appeal for the purpose of having the judgment reversed and plaintiff’s demands rejected. The only issues presented relate to the nature and extent of plaintiff’s disability.
Plaintiff was hurt on the afternoon of April 8, 1952, when in connection with his employment he and a fellow employee, Wilbert Walker, were moving two pieces of angle iron in a wheelbarrow. Arriving at a railroad track which they had to cross plaintiff stooped own and caught hold of the wheelbarrow with the thought in mind of easing it over the track, and as he did so, one of the pieces of iron slid out of line and struck him in the ribs. He completed his day’s work without reporting the incident to his employer. During the night and on the following morning he contends that he experienced severe pain in his chest and suffered a loss of appetite. On the following morning he returned to the place of his employment, made a report of his injury, and was sent immediately to Dr. W. L. Bendel. He has not worked since.
Dr. Bendel was of the opinion plaintiff was suffering from a contusion of the ninth, tenth, and possibly the eighth ribs On the left side. Treatment consisted of strapping the chest and giving diathermy from April 9th until June 24th, at which time he was discharged as able to return to work. Dr. Bendel caused plaintiff to be examined on June 11th by Dr. Faheam Can *358 non, an orthopedist. Based on the reports of these two doctors, compensation payments were discontinued on June 24, 1952.
On trial of the case medical testimony was given by Drs. W. L. Bendel, Faheam Cannon, J. E. Walsworth, Haydn Cutler, A. Scott Hamilton and Ben C. Cobb, the two last named being orthopedic surgeons. The expressed opinions are conflicting. Drs. Bendel and Cannon hold to the viewpoint plaintiff suffered from no residual disability after June 24, 1952 and that he could and should have resumed his work, while the others were of the belief Gibson was still disabled and unable to resume his employment at the time of trial. Dr. Cobb qualified his finding, however, by stating plaintiff could work but would experience a certain amount of pain.
The conflict in medical opinions is reflected in the testimony of the doctors, which we now record.
Dr. Bendel testified he gave plaintiff a thorough physical and clinical examination, finding plaintiff suffered a contusion of the ninth and tenth, and possibly the eighth ribs. He classified the injury as not being a serious wound. He found no evidence of a fracture of the cartilage. After a period of treatments lasting until June 24, 1952, he discharged plaintiff as being able to work. He again examined Gibson on October 15, 1952, at which time he saw no evidence of separation of cartilage but plaintiff complained of pain upon pressure at the costochondral junction. He opined that even had plaintiff suffered separation of the ribs on April 8th, healing would have occurred in the same time as a fractured rib, that is, six weeks. He saw no need for an operation.
Dr. Cannon gave plaintiff a thorough examination. His findings disclosed a well nourished, well developed colored man with normal chest expansion and full excursion of the rib cage on breathing. Plaintiff complained of pain over the costochondral junction but there was no evidence of friction rub about the area of complaint. He noticed a slight depression in the area of the eighth, ninth and tenth costochondral junction on the left side. His diagnosis was that the patient had suffered moderately severe contusions of the costochon-dral junction of the eighth, ninth and tenth ribs on the left side. It was his opinion the patient should be returned to work. He saw plaintiff again on October 15, 1952, at which time a complaint of pain was made but the doctor found no basis therefor. He testified the patient on the latter occasion deliberately tried to simulate tremor by shaking both hands. His opinion was Gibson had fully recovered though he thought the employee had suffered a torn cartilage between the rib and possibly the junction to the sternum of the breast bone. He did not think an operation necessary.
Dr. Walsworth testified that after several examinations his diagnosis was plaintiff suffered a disabling injury due to the fact that the cartilage and cartilaginous tissues of the lower border of the left cos-tal area had been fractured or torn with possibly a rupture of the diaphragm. His opinion was that surgery in such a case would be very unsatisfactory and proper treatment should be by immobilization declaring even this would be difficult due to the fact that such tissues would heal slowly because of movements from respiration.
Dr. Haydn Cutler made a complete physical and clinical examination and found plaintiff to be suffering from a fractured cartilage of the left chest wall un-united, which would cause pain upon any lifting. He advised as a remedy rest for several months or an operation. He declined to predict that an operation would be successful, stating sometimes they held completely and at other times the ribs remained un-united for years. His prognosis was:
“Patient is totally disabled and has been since the onset of this injury, but could be remedied with surgery or surgical approach to his problem. The surgical approach is by no means a guarantee of recovery because cartilage heals slowly, and heals poorly once it is fractured, and it may be that he will be unable to do strenuous work for several years. He has an excellent attitude towards his condition and is most anxious to return to his full employment.”
*359 Dr. Cutler sent Gibson to Dr; Hamilton, an orthopedic specialist, for an examination. Dr. Hamilton found pain on pressure over the costal cartilages and a deformity near the seventh, eighth, ninth and possibly the tenth ribs on the left side. The latter he attributed to the overlapping of ribs by the costal cartilages. He referred plaintiff to Dr. Cobb and made arrangements for an operation to unite the ribs and cartilage, the operation to be performed by Dr. Cobb, but the surgery was canceled after plaintiff phoned and said he was instructed not to go through with it. Dr. Hamilton testified that such operation was attended with certain dangers, especially when performed on cavities of the body and more particularly the thoracic, because of pleural tear with pleural shock. He stated that following such an operation, if successful, disability would extend some three or four months.
Dr. Cobb’s examination was made on July 14th at the request of Dr. Hamilton. He observed a deformity or bulge in the costal junction which is on the end of the lower rib on the left side. Manipulation by him in this área produced a grating sound and the patient complained of pain. His diagnosis was that the ends of the ribs on the left side had been separated from the cartilage and that this had failed to heal and was the cause of the deformity. His opinion was that the injury would not heal unless an operation was performed, but that such operation would be successful and simple with resultant recovery within a month after surgery. He also stated that in addition to evidence of nonunion of the ribs, he detected a loose body in the lower margin of the fractured area, which he thought was a loose piece of cartilage. Notwithstanding these findings, the doctor expressed an opinion that he did not believe plaintiff was disabled and that he was able to work, although he would in doing so suffer pain.
The testimony of Dr. Bendel and Dr. Cannon indicates that as of date of trial they did not believe plaintiff suffering from a disability that prevented him from resuming his former work. However, as noted above, Dr. Cobb was of the opinion that plaintiff could work, but that in doing so he would have pain and that unless there was an operation the separation between the ribs and the cartilage would not heal.
Dr. Walsworth, Dr. Cutler and Dr. Hamilton were all of the opinion that plaintiff was disabled at the time of trial and time of recovery in the absence of an operation, might vary from a few months to several years. It is noted that Drs. Bendel, Cannon and Walsworth did not favor surgery for correction. Dr. Cutler was uncertain whether surgery would be successful or not. Drs. Cobb and Hamilton favored surgery.
There is no dispute that plaintiff suffered the injury alleged, nor that he was disabled from performing his work until June 24, 1952. Defendants’ only contention is that he was able to resume his occupation on June 24, 1952, or if not on that date, certainly he was fully recovered by October 15, 1952, which latter date was the date established by the trial judge for the termination of entitlement to compensation.
Defendants’ counsel points out that none of the doctors visited by plaintiff voluntarily were asked to treat him. Pointing to this fact he indicates plaintiff was himself building up a compensation case. Apparently in support of this view, he offers in evidence pleadings in a compensation settlement favoring the plaintiff on the 23rd of January 1943. Counsel further points to the failure of plaintiff and his attorneys to call Dr. Coon as a witness in his behalf, invoking the familiar rule that the failure to call one’s own doctor without good reason raises the presumption that the testimony of the witness would be unfavorable. Plaintiff testified that he did call on Dr. Coon, his family doctor, and Dr. Coon sent him to the St. Francis Hospital for an X-ray examination and that he was X-rayed and paid for the X-ray. He also testified, however, and it is not contradicted, that Dr. Coon refused to give him a report as to his findings of the examination unless he would pay a sum of money which plaintiff professed not- to have. Counsel for defendants further contends that plaintiff’s testimony is en *360 titled to little credence, indicating that his complaints were exaggerated and at least some them could not be true. None of these arguments, in our opinion, are sufficient to overcome the medical evidence as to plaintiff’s disability. All of the doctors agreed that plaintiff suffered an injury to the cartilage in the costal area. The only difference that arises between them is as to the extent of duration of the disability and as to the remedy.
After judgment was rendered plaintiff filed a motion for a new trial, which motion was overruled. Appellant complains of the ruling thereon. In the motion it is averred that judgment was rendered for compensation up to October 15, 1-952, the district judge taking the position that plaintiff was shown to be disabled when examined by plaintiff’s doctors and when discharged in June, 1952, but that the examination made by defendants’ Doctors Cannon and Bendel six; days before the trial on October 15, 1952, showed he had recovered after the suit was filed. We do not see the error of the ruling. Article 560, C.P. See also Pahnvitz v. Fassman, 2 La.Ann. 625; Smith v. Hyman, La.App., 6 So.2d 368; Thompson v. Jones, 205 La. 118, 17 So.2d 5; Nixon v. English, 207 La. 906, 22 So.2d 266.
Notwithstanding the foregoing ruling, we are not impressed with the effect of the testimony resulting from the examinations of October 15, 1952 as the evidence was, in our opinion, cumulative only.
We are of the opinion that the preponderance of the medical testimony lies with the plaintiff and that disability has been established by competent evidence beyond October 15, 1952. As to the period of duration subsequent to this date, testimony is indefinite and uncertain, but we do not feel the injury is of a permanent nature. At least, Drs. Cutler, Walsworth and Cobb were of the opinion that disability might not be remedied except upon the passage of time. Accordingly, we feel that the judgment in favor of plaintiff should be amended to provide am award as for temporary total disability, granting plaintiff compensation during the period of disability not to exceed three hundred weeks, and that said judgment in all other respects should be affirmed. All costs of this appeal are to be borne by defendants, appellees herein.