Chamberlain et als. vs. Abadie.

---

### No. 11,939.

GRACE F. CHAMBERLAIN ET ALS. VS. CYRIL ABADIE.

The payment of taxes on property is not by itself evidence of corporeal possession of the property, and without some act showing corporeal possession, will not support the plea of ten years' prescription.

Possession *animo domini* forms the basis of the ten and thirty years' prescription, and it must be, at least in its commencement, a corporeal possession.

The corporeal possession is regulated to a great extent by the uses for which the immovable property is destined, and its nature.

APPEAL from the Civil District Court for the Parish of Orleans. Théard, J.

*Kernan & Wall* for Plaintiffs, Appellants.

*Harry H. Hall* for Defendant, Appellee.


Argued and submitted February 14, 1896.
Opinion handed down February 24, 1896.
Rehearing refused March 23, 1896.


The opinion of the court was delivered by

McEnery, J.   The plaintiffs instituted this petitory action to re-cover a square of ground situated in the seventh district of this city. Plaintiffs' ancestor acquired this property from the New Orleans Canal and Banking Company, Samuel Kohn, Laurent Millaudon and John Slidell, July 23, 1833.   Nathaniel Chamberlain, the grandfather of plaintiffs, died in 1836, and the square of ground which they claim was inventoried in his succession.   There is no evidence in the record that it ever passed from the succession by judicial sale, or that it was ever sold for taxes.

Defendant sets up title as follows:

Warwick Martin to Edward Chase, who acquired title for account of J. W. Clark and others in 1854, and in 1856 J. W. Clark and others sold to E. W. Clark.   Edward Chase conferred title in 1882 to E. W. Clark; June 27, 1887, E. W. Clark sold to defendant.   The defendant pleads the prescription of ten years.   C. C. 3478.   To prove possession and occupancy during the time necessary to perfect his title, he   exhibits the receipts for taxes on the property paid by himself since his purchase of the same, and by the authors of his title, for more than ten years.   The evidence shows that the square was vacant, not enclosed, low and swampy, until defendant, seven years before the institution of this suit, took actual possession of the same and filled in the hollows and made the square high ground.

The square was formerly a part of the undivided half of a planta-tion acquired by the New Orleans Canal and Banking Company.

The question at issue is, does it require some act when the property is unoccupied, marsh, swamp, or wood land, to be done in order to show to the world that the property is occupied in such a manner as to be equivalent to corporeal possession, to mark the commencement of the prescription of ten years?

The defendant cites the cases of Giddens vs. Mobley, 37 An. 417,

and Green Brothers vs. Witherspoon, 37 An. 751, and Barrow vs. Wilson, 38 An. 209, as authority that the " deed of sale translative of property of wild swamp lands coupled with the payment of taxes for forty years will give a purchaser in good faith a title by pre-scription." ·

In Giddens vs. Mobley, 37 An. 417, there is a *dictum* which sustains the views urged by defendant.  But this *obiter* of the court was not necessary for the decision of the case, and the court said in the opinion that " the plaintiffs are estopped from contesting this fact of possession, because they allege that the defendants have pos-sessed since July 26, 1870, and claim rent from that day.   More than ten years elapsed from that day to the institution of this suit on July 5, 1851."

In the case of Green Brothers vs. Witherspoon, 37 An. 751, it was held that " thirty years' prescription may be successfully invoked by a possessor in good faith of tracts of wood land forming part of a plantation on which he has lived continuously for that time, although he may not have felled a tree from those tracts, or done any other acts of corporeal possession of that part of his plantation."

A possession of a part of a tract of land with title to the whole carries with it possession of the whole.   This is self-evident.   Don-egan's Heirs vs. Martineau, 9 Martin, 43; Prevost's Heirs vs. John-son, *Ib.* 174; Gillard vs. Glenn, 1 Rob. 159: Henderson vs. St. Charles Church, 7 N. S. 122.

It is not shown here that the defendant for more than ten years, by his own act, or by that of the authors of his title, has ever given any physical evidence of an intention to occupy any part of the property.

In Barrow vs. Wilson, 38 An. 209, this court said: " The lands in question are shown to have been low, marshy lands, and to have been sold by the State as swamp lands, subject to tidal overflow. Doubtless the grazing of his cattle thereon was all the possession which the then owner needed of the lands, and such possession, accompanied by the regular payment of taxes, as shown here, is sufficient in law to supply a proper foundation for prescription."

The doctrine in the case of Giddens vs. Mobley is not supported by the Code, and the jurisprudence of the State is diametrically opposed to it.   The unbroken line of authorities is to the effect that the prescription of ten years must be supported by corporal pos-

session in the beginning, after which, if it has not been interrupted, it may be preserved by external and public signs, announcing the possessor's intention to preserve the possession of the thing, as the keeping up of roads and levees, the payment of taxes and other similar acts. C. C. 3499.

In the case of Searles vs. Costillo, 12 An. 203, this court said: "The payment of taxes may announce the possessor's intention to preserve the possession of the thing when he or his predecessor has once had a corporal possession, but it will not constitute a corporal possession.

In case of Dodeman vs. Barrow, 11 An. 88, it was held that the defendant Barrow, who, having no possession, either actual or civil, could transfer none to his vendee, but he was bound to prove a corporal possession in himself as the starting point of his title by prescription.

In Wilson vs. Marshall, 10 An. 327, it was said: "Possession *animo domini* forms the basis of this species of prescription; it must be, at least in its commencement, a corporal possession, and must be continuous, uninterrupted, peaceable, public and unequivocal." Quoting Arts. (old numbers) 3453, 3466, 3467.

"Such a possession, without any title whatever for thirty years (a reservation in ·favor of certain persons not *sui juris*) will enable the possessor who invokes the plea of prescription to hold dominion over the land against all the world. With a title translative of property, and aided by good faith, a possession of like character for the period of ten years will suffice against a real owner, resident in the State. Old articles of Code, 3465, 3442, 3437, 3438."

This case announced the same doctrine held in cases prior to it, and since it was decided we know of no departure from it, except the *dictum* in the case of Giddens vs. Mobley, 37 An. 417.

W. H. Michel *et als*. vs. Ernest H. Stream, recently decided, 48 An., *ante.*, p.

The corporal possession necessary to support the prescription is governed by the use for which the land is destined. If it is for pasturage, the grazing of cattle upon it is an act of corporal possession. From its nature it may forbid an actual residence or· cultivation. Timbered land may be enclosed, trees cut, roads run through it, and many other similar acts to show the intention to subject it to one's dominion.

In the case of Ranson vs. Long, 13 An. 523, it was held, while the proof of possession was not conclusive, that the fact that the land was a *vacherie* in a part of the parish of St. Charles, difficult of access, and that it did not admit of any obvious marks of possession further than had been shown, the judgment of the lower court sustaining the plea of prescription was affirmed.

Referring to the original record, the facts which the lower court found sufficient as the foundation for the plea were that the plaintiff had an actual settlement on Bayou Des Allemands, and that he cultivated a few acres around his house, and that he claimed the *vacherie* as far as Bayou St. Ours, to which his cattle wandered and on which they grazed.

The square of land in controversy was not in a remote locality difficult of access, and it was not of that nature which would preclude the fencing of it or of cultivating a part of it. A cabin could have been built on it, and even then if it had fallen to ruins it would have been a potent witness of the fact of actual corporal possession, which would have been preserved by the civil possession.

The tax receipts relied on by defendant as evidence of corporal possession, by themselves, are not sufficient for that purpose.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the plaintiffs be declared the owners of the square of ground described in their petition and be placed in corporal possession of the same, defendant to pay costs. The right of defendant to demand reimbursement for improvements on said square of ground is reserved.