No. 2190
Second Circuit

---

PIERSON v. SHEPHERD

---

(April 8, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Prescription—Par. 12, 22.

The surveying of land is not sufficient to establish the possession necessary for prescription of thirty years as provided by Articles 3499, et seq., of the Civil Code and defined by Article 3428 of the Civil Code.

2. Louisiana Digest—Prescription—Par. 12 16, 22.

The cutting of timber and the sale of timber on the land is not the possession necessary for prescription of thirty years as provided by Articles 3499, et seq., of the Civil Code and defined by Article 3428 of the Civil Code.

3. Louisiana Digest—Prescription—Par. 12, 15, 22.

The paying of taxes is not the possession necessary for prescription of thirty years as provided by Articles 3499, et seq., of the Civil Code and defined by Article 3428 of the Civil Code.

Appeal from the Third Judicial District Court of Louisiana, Parish of Bienville. Hon. J. E. Reynolds, Judge.

Action by Mrs. Hattie Pierson against J. F. Shepherd, et al.

There was judgment for defendants and plaintiff appealed.

Judgment reversed.

Goff & Barnette, of Arcadia, attorneys for plaintiff, appellant.

Foster R. Taylor, of Arcadia, attorney for defendants, appellees.

WEBB, J. This is a petitory action involving forty acres of land and the plaintiff, who alleged and established record title through mesne conveyances from the United States appeals from a judgment sustaining a plea of prescription of thirty years and rejecting her demand.

The evidence does not show the exact nature of the land, that is, whether or not it had ever been in cultivation or was sus-

ceptible of cultivation, nor does it show whether the property was easily accessible, but it indicates that it was timber land located in a farming neighborhood and the possession under which defendants claim appears to have been initiated by their father who lived in the neighborhood and presumably had title to lands contiguous to that in controversy.

The evidence establishes that defendants' ancestor had constructed a mill of some character on land near the property in 1882 and that he had the land surveyed, together with contiguous lands, and had cut timber off of three or four acres of the land in dispute for fuel for the mill, and that he and defendants had continued to cut wood from the land until the date of the suit in 1923.

Other acts established by the defendants consisted of an act of sale of date December 18, 1909, recorded December 27, 1909, under which defendants' ancestor sold the timber on the land in question to the Globe Lumber Company (the evidence, however, not showing whether or not the timber had been cut by the vendee) and the payment of taxes.

The defendants claim ownership by virtue of possession under the prescription of thirty years, as provided by Articles 3499, et seq., of the Civil Code, in which it is declared that the possession necessary for such prescription must be commenced by corporeal possession (Article 3501, C. C.), which is defined by Article 3428, C. C., as natural possession, which is declared to be "that by which a man detains a thing corporeally, as by occupying a house, cultivating ground," etc., and the acts committed by defendants which evidence their possession, such as cutting timber from the property and surveying the lines, are clearly not within the expressed illustrations of corporeal possession.

However, we do not think that the illustrations are limitative and that corporeal possession may be taken otherwise than by actual residence on the property or cultivation of the land, as by enclosing the land with fences or other acts which indicate ownership and leave visible signs of possession.

However, enclosure of a part of a tract of land by one without title is not possession of the whole, and even though continued for a period of thirty years is not sufficient for the basis of prescription as to the area not enclosed (Prevost's Heirs vs. Johnson, 9 M. (O. S.) 123; Ellis vs. Prevost, 19 La. 251); and we are of the opinion that the mere cutting of timber from the land when it is not shown to have been taken from the entire area and when the evidence does not show from what part of the tract the timber had been cut, even though such cutting had been continuous, would not be sufficient basis for prescription either as to the whole or a part of the tract.

Neither do we think that surveying the lines of land where it does not appear the lines had been plainly and permanently marked would be sufficient to show possession (Jones vs. Goss, 115 La. 926, 40 South. 357; Albert Hansen Lumber Co. vs. Baldwin Lumber Co., 126 La. 347, 52 South. 537); nor is the payment of taxes evidence of possession (Chamberlain vs. Abadie, 48 La. Ann. 590, 19 South. 574) whatever may be its effect as showing continuity of possession.

The defendants, while they did not base their claim on title by deed, offered evidence showing a deed to an undivided interest in the property from their father and from their co-heirs to the other interest. Neither of the deeds, however, are of date ten years prior to the suit, and the sole defense is the prescription of thirty years, and we are of the opinion that they have failed to established such possession of the property as is required to sustain the plea.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff, Mrs. Hattie Pierson, have and recover judgment agains defendants, B. N. Manning, S. L. Manning and J. F. Shepherd. decreeing and recognizing plaintiff's ownership of the northeast quarter of the northeast quarter of Section 22, Township 15 north, Range 10 west, of Bienville parish, Louisiana, and that she be placed in possession thereof.

It is further ordered that defendants pay all costs of suit.

REYNOLDS, J., recused.