PONDER, Justice.
 

 The plaintiffs, Inez Robinson Nixon, Iva A. Robinson Hart, Iris T. Robinson and Nova Robinson Simmons, brought suit against W. C. English et al. seeking to be recognized as the owners of an undivided one-half interest in forty acres of land located in Beauregard Parish, to have the title of W. C. English decreed void insofar as it affects their undivided one-half interest, and to have certain deeds, leases and assignments cancelled from the records insofar as their interest in the property is concerned.
 

 The defense to the suit is based on ten years prescription under a title translative of property.
 

 On trial, the lower court rendered judgment in favor of the plaintiffs as prayed for, and the defendants have appealed.
 

 
 *909
 
 John P. Robinson was married to Laura Cooley on May 8, 1904. Laura Cooley Robinson died intestate on August 3, 1912. There were four children born during this marriage, who are the present plaintiffs in this suit.
 

 The forty acres of land involved in this suit are described as the SEj4 of the NW% of Section 21, T. 6. S. R. 9. W., La. Mer., located in Beauregard Parish. John P. Robinson acquired title to this property by patent from the United States on May 23, 1912, during the community existing between him and Laura Cooley. -
 

 On April 23, 1917, John P. Robinson sold the property to Fred P. Crockett. It was recited in the deed that John P. Robinson was a majrried man and was then living with his first and only wife, Finesse Cordelia Rester, while in truth and fact, she was his second wife. Fred P. Crockett sold the forty acres of land to Walter H. Eggers on May 27, 1919. Walter H. Eggers deeded the property to John H. Poe on February 1, 1926, and John H. Poe deeded it to Frank E. Poe on August 2, 1930. Frank E. Poe transferred the property by deed to W. C. English on March 20, 1939. Since that time, W. C. English has executed mineral leases, mineral deeds, and assignments of mineral rights to the other defendants in this suit. The property is properly described in the defendant English’s title and that of his authors.
 

 The appellants attack the judgment of the lower court by contending that it erred in finding:
 

 1. “That appellants did not establish the fact of corporeal possession of the land in dispute; by reason of cutting and removal of timber from the 'land, thereby laying the predicate of ten years prescription acquirendi causa.”
 

 2. “That the discovery of three new and reliable witnesses, subsequent to the trial of the case, who, under oath, will testify that all of the merchantable timber on the tract of land in question was cut and removed in the summer and fall of 1927, as set forth in motion of appellants for a new trial, was insufficient grounds for the said trial court to grant a new trial, thereby closing the door to just and equitable relief, except by resort to justice through Your Honorable Court, which amounts to an abuse of the discretion of the district court in this important matter.”
 

 From the record, it appears that on August 7, 1926, John H. Poe sold to Dr. Leroy Lambert all of the merchantable timber situated on the 40 acre tract of land herein involved. The timber deed granted one year to remove the timber and provided for the expiration of such rights on August 7, 1927.
 

 On trial of this case, the trial judge arrived at the conclusion that the appellants did not establish the character of possession which would entitle them to acquire the plaintiffs’ interest in the property under ten years prescription acquirendi causa. In his reasons for judgment, he sums up the evidence pertinent thereto as follows:
 

 “The evidence in the case shows that while this property was occupied by John P. Robinson and his first wife, Laura Cooley, it was a homestead, was improved and
 
 *911
 
 was used for agricultural purposes, but at the present time, and for many -years in the past, the property has been open, unfenced land, without improvements, without any fence lines being presently established and without any other evidence of use or occupancy. The evidence does show that at some time during the years 1925 to ’27 John H. Poe, one of the authors of the present defendant, did sell approximately sixty or seventy sticks of piling off of a portion of this land. The evidence also shows that during 1934 or 1935, there 'was another small lot of timber approximately one or two truckloads of logs sold from the property, or at least the logs were sold from property in that vicinity and the purchaser of the logs understood that he was taking them from this particular tract.
 

 “The cutting of the piling in 1925 to ’27 could have taken no more than one day to accomplish and possibly two days to remove the piling and the few logs cut in 1934 or ’35 would have required not more than one day for the complete operation. Except for these two incidents there was no other evidence of the defendants or their authors in title actually taking corporeal possession of this property.”
 

 After carefully reading the testimony in this case, we have concluded that the trial judge’s summation of the facts is correct.
 

 The testimony most favorable to the defendants shows that on one occasion approximately one carload of piling and poles was cut off of a portion of the property in two or three days’ operations, and on a second occasion five truck loads of logs were cut and removed from a portion of the property. At no time was timber cut from all parts of the property.
 

 The record shows that the property has been assessed in the name of the defendant W. C. English and his authors in title, and that they have paid the taxes on the land since the date of its acquisition from John P. Robinson.
 

 The fictitious delivery of the property resulting from the sale of the land by a notarial act, the assessment and payment of taxes, and the granting of mineral leases by the defendant English are evidence of ownership and civil possession, but the mere civil possession or intent to possess the land as owner does not satisfy the requisite amount of corporeal possession required to support the plea of prescription of ten years under a title translative of property. Gilmore v. Frost-Johnson Lumber Co., 139 La. 354, 71 So. 536; 12 T.L.R. 609.
 

 The occasional cutting of trees from a portion of isolated land unaccompanied by external and public signs, such as boundary lines, fences, roads or works of any kind is not sufficient to support the plea of prescription of ten years. Frederick v. Goodbee, 120 La. 783, 45 So. 606; Martel v. Hunt, 195 La. 701, 197 So. 402; Long v. Chailan, 196 La. 380, 199 So. 222.
 

 From a reading of many of the decisions handed down by this Court relative to the ten years prescription under title translative of property, the rule appears to be that it is necessary to have corporeal possession accompanied by external and public signs which clearly indicate that the possessor holds control and dominion over
 
 *913
 
 the property. Grace F. Chamberlain v. Cyril Abadie, 48 La.Ann. 587, 19 So. 574; Martel v. Hunt, supra; Long v. Chailan, supra; Snelling v. Adair, 196 La. 624, 199 So. 782; 3 L.L.R. 314.
 

 Under the provisions of Article 3487 of the Revised Civil Code, the possession must be continuous, uninterrupted and unequivocal.
 

 In the present case, viewed in the light most favorable to the defendants, the acts relied on by them to show corporeal possession are the cuttings of timber on a small portion of the land on two occasions. There are no marked boundary lines and no evidence to show that anyone who went upon the land involved in this case to cut timber could know with any degree of certainty that he was on this land or lands adjacent thereto.
 

 We know of no decision by this Court, and none has been cited, where acts of this nature have been deemed sufficient to establish the corporeal possession necessary to support the plea of ten years prescription under title translative of property. Therefore, we have arrived at the conclU' sion that there is no merit to the plea.
 

 The defendants contend that the lower court erred in refusing to grant a new trial to admit newly discovered evidence.
 

 From the defendants’ complaint it would appear that three new witnesses had been discovered subsequent to the trial of the case, but the motion for a new trial alleges that only one new witness was discovered subsequent to the trial. The affidavits filed in the record in support of the motion show that only one new witness was discovered after the trial. The record discloses that the motion for a new trial was filed on December 9, 1943, and testimony was taken thereon on February 14, 1944. The newly discovered witness, E. H. Havens, was not placed on the stand during the trial of the motion for a new trial although more than two months had elapsed from the date the motion was filed to the date the motion was tried. One of the witnesses, A. J. Lambert, testified that he had told the defendant English about Havens, the newly discovered witness, prior to the trial of the case. This testimony is denied by English.
 

 The affidavit of E. H. Havens is as follows :
 

 “I am familiar with the various tracts of land in and around Bear Community, particularly the 40 acres known as the J. P. Robinson Tract. Being the Southeast quarter of the Northwest quarter of Section 21, Twp. 6 S. Range 9 of Beauregard Parish, Louisiana.
 

 “In the summer of 1927, I was hired by A. J. Lambert, son of Dr. LeRoy Lambert to cut and peel all of the pole timber from all of the above described tract of land. To the best of my memory I cut this timber during the months of July and August of 1927. These poles were delivered to the Rail Road for shipment to the Long-Bell Lumber Co.
 

 “After I finished cutting the pole timber on the above referred to tract of land, I assisted A. J. Lambert in cutting the saw logs off of this same tract of land.”
 

 The lower court handed down no written reasons for its judgment denying the mo
 
 *915
 
 tion for a new trial. If the judgment is predicated on the failure of the defendant to exercise due diligence in securing this witness prior to the trial of the case, we are not prepared to say that it is erroneous. The question resolves itself to the credibility of the witnesses. The lower court is in a better position to pass on this question. Moreover, the witness was not presented on the trial of the motion, and the plaintiffs were not afforded an opportunity to cross examine him. Furthermore, if the witness had testified to the facts alleged in the affidavit, his testimony would not change or affect the result reached in the case. The preponderance of the evidence would still be in favor of the plaintiffs’ position. In fact, the plaintiffs’ testimony adduced on the trial of the case contradicts the facts set out in the affidavit for the reason that it is to the effect that there was only a partial cutting of the timber.
 

 For the reasons assigned, the judgment is affirmed at appellants’ cost.
 

 HIGGINS, J., takes no part.