PONDER, Justice.
 

 The plaintiffs, widow and surviving children of Ben Jacobs, brought suit against the defendant under the provisions, of LSA-R.S. 13:5062 seeking to be recognized as the owners of lands described as the SWJ4 of the NEJ4, Section 26, Township 15, N. R. 5 W. located in Bienville Parish'. They allege that Ben Jacobs acquired the property on May 18, 1908, by tax deed, wherein the property was sold under an assessment to George W. Cupit for the unpaid taxes of the year, 1907. They allege that Ben Jacobs went into actual possession of the property by farming a' part of it, cutting timber and exercising other acts of ownership. The defendant answered- setting up a chain of title dating back to the year, 1906, wherein the property was acL quired by one D. C. Richardson, one' Of its ancestors in title. The plaintiffs and the defendant both rely on the prescription of 10 years acquirendi causa and dispute the possession of each other. Upon hearing, the lower court gave judgment in favor óf the defendant and the plaintiffs have appealed.
 

 It appears that this property was assessed to two different parties in the year, 1907, viz., D. C. Richardson and George W. Cupit, and that D. C. Richardson paid the taxes for that year. We find in the record that D. M. Atkins and others purchased this property at a sheriff’s sale in a suit brought by them against George W. Cupit: However, there is no deed in the record wherein Cupit acquired this property. It appears from the evidence that'Ben Jacobs
 
 *467
 
 at the time he acquired the SWJ4 of the NEi/4 also owned the NEJ4 of the SW^ of Section 26 and was residing thereon at that time. In the year, 1908, Ben Jacobs cut timber' on the land he acquired at tax sale and in 1912 he cleared a portion of this land." He cultivated this portion of cleared land, from 1912 to 1917. In 1914 he fenced in a portion of it for use as an ox pen. On April 5, 1912, Ben Jacobs executed an oil and gas lease on this and other lands, in favor of R. W. Mcllvain. On January 15, 1912, he sold to his son, Edmond, one of the plaintiffs herein, the NEJ4 of the SW|4-of Section 26. Ben Jacobs moved- ,to Arkansas in 1917 and resided there: for some ten or twelve years. Ben Jacobs,-died sometime in the year, 1934. His son, -Edmond, who lives on the adjoining tract of land testified that he hauled pine from the land and removed timber from the land in 1949 to be used as posts and-that he occasionally traversed the land. Two other witnesses testified, that Ben Jacobs-erected a fence around part of the property, built an ox pen, cultivated four or .five-.acres and that they helped him roll logs from the land. A Mr. Sullivan, who has worked with timber for some 15 or 20 years, testified that he went on the land, found some old blazes, signs that the property, had been cultivated, plum trees, and briar.-.patches and that he found that three sides of the 40 acres had some painted lines: Another witness, Mr. Robinette, testified that he examined the property and found that there-' was evidence- that it had been farmed over on the east side and that there were cedar trees, plum trees and a few peach trees on it. The only evidence to contradict the evidences of the possession of Ben Jacobs is the testimony of two witnesses, one in the employ of the defendant and one who had been in the employ of the defendant and its ancestor in title from 1916 to 1940. Their testimony was to the effect that they found no signs of cultivation on the land.
 

 From the evidence as a whole, the conclusion is inescapable that -Ben Jacobs took actual, physical, and corporeal possession of the property shortly after- he acquired it at tax sale under a deed translative of title and this possession would continue unless it is interrupted in the meantime by an adverse possession of another.
 

 The defendant contends that the tax deed under which Ben Jacobs acquired the property was an absolute nullity because D. G Richardson, the record owner, had paid the taxes when the property was sold under an erroneous assessment in the- name • of George W. Cupit and that Jacobs was not in good faith in not ascertaining that all legal formalities had been observed when he acquired the property. The defendant takes the position that Jacobs could not acquire the property by the 10 year acquisitive prescription under these circumstances. The defendant in support of its contention cites Millaudon v. Gallagher, 104 La. 713, 29 So. 307; Third District Land Company
 
 *469
 
 v. Lassere, 204 La. 451, 15 So.2d 850; Kelso v. Caffery, 221 La. 2, 58 So.2d 402; Fountain v. Kirby Lumber Company, La.App., 199 So. 603; and Armstrong v. Bates, La.App., 61 So.2d 466. The authorities cited do not support the contention. In the Millaudon case the defendant failed to show actual possession of the property but the court said even if it were otherwise that the defendant took possession before any deed was executed and had not paid the taxes- which the law required should be paid as a condition precedent to a vestiture of title and for that reason he was a possessor-in bad faith. In the case of Third District Land Company v. Lassere, supra, an action was brought for the confirmation of title and the prescription peaded was that of the three years under the Constitution. In the case of Kelso v. Caffery, supra, the defendant was in possession of the property when it was sold for taxes. The defendant had paid the taxes and also redeemed the property. The contention was made that the defendant who claimed continuous possession had been dispossessed by the tax, sale. The court stated that [221 La. 2, 58 So.2d 406]: “The answer to the contention seems to be that since the interest was timely redeemed those defendants were never legally divested of title by th.e tax sale.” The court explained that the title of án adjudicatee is an inchoate one during the period of redemption and is defeated by .the exercise of that right. In the case of Fountain v. Kirby Lumber Company, supra, and in the case of Armstrong v. Bates, supra, the question of 10 year prescription acquirendi causa was not at issue and the cases were decided on other grounds.
 

 We are aware of the fact that there have -been statements made in some of the decisions where there is a dual assessment and prior payment of taxes that the sale is an absolute nullity. The sale of a third person’s property is a nullity but yet if this third person permits the purchaser to take and remain in possession of the property for 10 years he loses title to the property. See Lewis v. Standard Oil Company, 154 La. 1048, 98 So. 662.
 

 Under the provision of the Constitution, Article 10, Section 11, Const.LSA, the sale of property upon which taxes have been paid is excepted from the constitutional peremption provided for therein. This provision of the Constitution merely means that the peremption does not apply but there is nothing therein to indicate that it was the intention of the framers of the Constitution that the 10 or the 30 year prescription would not apply in cases of. that kind. This was pointed out in the case of Eivers Heirs v. Rankins Heirs, 150 La. 4, 90 So. 419, wherein it was held that the 10 year prescription did apply, irrespective of the prior payment of the taxes. While we have examined the jurisprudence and. found, many statements to this effect, yet the only case that we have found that passes on the point directly at issue is the above cited case, wherein it is stated:
 

 
 *471
 
 “It is well settled that a bona fide purchaser at a tax sale, receiving a deed prima facie valid, 'though in fact invalid, after having actual and notorious possession of the property, in good faith, for 10 years, acquires an indefeasible title by prescription acquirendi causa. A purchaser at tax sale may, in good faith, presume that the assessor and the tax collector have performed their duties; and it is not essential to the purchaser’s good faith that he should investigate the assessment rolls or verify the recitals of the tax deed.” Eivers Heirs v. Rankins Heirs, 150 La. 4, 9, 90 So. 419, 421.
 

 The defendant contends that they have had corporeal possession of the land for more than 10 years under a deed translative of title; in other words, that they have had open and notorious possession for this time.
 

 The evidence introduced to support this contention is very meager and not sufficient to show that the defendant has ever at any time had corporeal possession of the property. The three witnesses who testified for the defendant were employees and former employees of the defendant and their ancestor in title. One of the witnesses testified that he painted a line on three sides of the property but had not painted the line on the west side near the property owned by Edmond Jacobs. This witness admitted that Ben Jacobs told him at one time that he owned the property. There was some evidence that a small amount of. pulpwood and some piling was cut off of this property but the witness did not remember how much. From the other testimony it is very indefinite as to where the trees were cut, if any. The witnesses testified that they went on the property three or four times a year to see if anyone was cutting or removing any timber off of it and one witness testified that they built a road into the property. The record shows that the defendant has paid taxes on the property since 1927.
 

 These acts by the employees of the defendant are not sufficient to establish an adverse possession. The property in dispute is high land and is covered with timber and is suitable for farming purposes.. It is not swamp land and the authorities with reference to possession of swamp lands are not applicable. The nature of corporeal possession sufficient to form the-basis of prescription of 10 years depends on the character of the land. Martel v. Hunt, 195 La. 701, 197 So. 402; Snelling v. Adair, 196 La. 624, 199 So. 782; Hill v. Richey, 221 La. 402, 59 So.2d 434; Scott v. Brown Paper Mill, La.App., 174 So. 212. What constitutes possession in any case is a question of fact, and each case depends upon its own facts. McHugh v. Albert Hanson Lumber Co., Ltd., 129 La. 680, 56 So. 636 and Hill v. Richey, supra. Payment of taxes is not by itself evidence of corporeal possession of the property. Chamberlain v. Abadie, 48 La.Ann. 587; Little v. Barbe,
 
 *473
 
 195 La. 1071, 198 So. 368. And the occasional and indiscriminate cutting of timber does not constitute possession sufficiently adverse to support the plea of prescription acquirendi causa. Lacroix v. Crane, 133 La. 227, 62 So. 657; Martel v. Hunt, supra; Snelling v. Adair, supra; Pierson v. Shepherd, 6 La.App. 333. The corporeal possession necessary to support the plea of prescription must include such external signs of possession as to indicate clearly that the possessor holds control and dominion over the property. Martel v. Hunt, supra; Chamberlain v. Abadie, supra; Long v. Chailan, 196 La. 380, 199 So. 222; Snelling v. Adair, supra; Nixon v. English, 207 La. 906, 22 So.2d 266; Blanchard v. Norman-Breaux Lumber Co., 220 La. 633, 57 So.2d 211.
 

 We, therefore, conclude that the plaintiffs have a good and valid title to the property by virtue of the 10 years acquisitive prescription under Article 3478 of the LSA-Civil Code and that the defendant has failed to show an open and notorious possession sufficient to defeat the title of the plaintiffs.
 

 For the reasons assigned, the judgment of the lower court is reversed and set aside. The plaintiffs, Nora Jacobs, Edmond Jacobs and Annie Jacobs Potts, are decreed to be the owners of the SWJ4 °f the NEJ4 in Section 26, Township 15, North, Range 5 West in the Parish of Bienville, Louisiana. All costs to be paid by the defendant.