MILLER, Judge.
This is a petitory action brought by Haskell and Hartwell Spinks, appellants, against Tom Mabrey Brown, J. Davis Brown, Eugene R. Brown and Mrs. Bertha Brown Sandel, appellees, claiming to be the true and lawful owners of the North %ths of the NW .1/4 of the NW }4 of Section 34, Township 6 North, Range 7 East, that lies east of Kincaid Bayou in the Parish of Catahoula, State of Louisiana, containing an aggregate of 21.85 acres. Plaintiffs’ claim is based on numerous conveyances culminating in a deed dated February 17, 1960 from Wedon T. Smith, et al to plaintiffs. Plaintiffs alternatively plead ten (10) years prescription acquirenda causa.
By filing the petitory action, plaintiffs admit and the record reveals that defendants are in possession of a portion of the disputed tract.
Defendants claim ownership by virtue of having acquired title by deed dated November 14, 1905, from E. R. Thompson to their *857 late mother, Mrs. Lula M. Brown. In this deed and in the two deeds to their ancestors in title, the property was described as—
“Bounded on North by Kincaid Bayou and lands of C. J. Boatner, East by lands of C. J. Boatner, South by lands of Mrs. S. A. Mardis and on West by Kin-caid Bayou, being the land now occupied by him (Ed Scott), part of the plantation now occupied by Mrs. S. A. Mardis and her husband, situated in Catahoula Parish, Louisiana, containing in all twenty acres.”
Defendants alternatively plead ten and thirty year prescription acquirenda causa.
The trial court held that defendants had been in possession of the disputed tract for more than thirty years and recognized defendants to be the true and lawful owners thereof. Plaintiffs were granted and perfected this appeal.
Since plaintiffs admit that they are not in possession of the disputed tract and that defendants are in possession of a portion of the tract, LSA-C.C.P. Art. 3653 (2) and the settled jurisprudence require that plaintiffs must rely on the strength of their own title and not on the weakness of that of defendants. Defendants’ title is not at issue until plaintiffs have proved a valid title in themselves. Dupuy v. Shannon, 136 So.2d 111, La.App. 3rd Cir. 1961 and authorities cited therein at 115; Mestayer v. Cities Service Development Company, 136 So.2d 513, La.App. 3rd Cir. 1961.
Defendants contend that plaintiffs have failed to establish record title to the disputed tract contending that the description “fractional NW/4 of NW/4 * * * of Section 34 lying East of Kincaid Bayou, all in T6N, R7E * * * ” is not a description of the disputed tract.
Plaintiffs’ chain of title through some twenty-five deeds commencing in 1905 uniformly carried the above description. It was well established that the disputed tract lies within the NW/4 of NW/4 of Section 34 T6N, R7E, and that the description “fractional” is necessary because Kincaid Bayou traverses a portion of this quarter-quarter section. We find that plaintiffs have a perfect title to the disputed tract.
Turning next to defendants’ title, we find no reference to Section 34, T6N, R7E in their chain of title. Neither was there any testimony taken at the trial to show what property was owned by the property owners named in this per aversionem description. In fact, all parties testified expressly that they had never heard of a person named or property owned by C. J. Boatner. And defendants’ title depends on finding some twenty (20) acre tract of land bounded in the year 1881 on the north by Kincaid Bayou and lands of C. J. Boat-ner, and east by lands of C. J. Boatner. The trial judge’s opinion which found ownership in defendants by virtue of 30 years possession, must necessarily have recognized these facts.
Furthermore, there is testimony to the effect that a survey was conducted in the year 1905 which divided properties owned by other parties. In connection with the making of this survey, the proces verbal recites that Mr. Brown objected to the inclusion of certain properties in Section 27 contending that those properties belonged to him, and those properties were omitted from the survey. However, there is no showing in the proces verbal that Mr. Brown objected to the inclusion of this disputed tract which was located in Section 34, and the disputed tract was included in the 1905 survey. Furthermore, there was offered in evidence an exhibit (P-34) which exhibit is not now a part of the record even though the record was returned to the Clerk of Court for inclusion of missing exhibit. This exhibit purportedly showed that the Notary Public who passed the deed (which is a part of defendants’ chain of title) from Scott to Thompson in the year 1888, specifically noted on the margin of that deed that the property was located in Section 27. It is on this evidence that we distinguish the following *858 cases cited by defendants. Smith v. Chappell, 177 La. 311, 148 So. 242 (1933); and Mestayer v. Cities Service Development Company, supra.
On the question of defendants’ possession of the disputed tract for thirty (30) years, which of itself would give them title to the disputed tract, LSA-R.C.C. 3499, two defendants and five witnesses called by defendants testified that the Browns had cultivated and maintained under fence an area estimated as varying from six to ten acres in size along the north portion of the disputed 21.85 acre tract. In this connection it should be noted that the properties admittedly owned by defendants in Section 27 join this disputed tract on the north. It appears from the testimony of defendants’ witnesses that the cultivated portion of this disputed tract was always included within the fence which continued on to enclose defendants’ approximately 60 acre tract located in Section 27.
All defendants’ witnesses testified that there have been times since 1905 when the land was not cultivated and when flood waters downed the fences. During these times, the lands were freely grazed by cattle on open range. But all defendants’ witnesses agreed that even during these times, the fence was on the ground and could easily be detected. It would appear from this testimony that the land was cultivated and fenced with a good fence for at least 45 of the 60 years from 1905 to 1965, and for the other 15 years, there were remnants of the fence in place.
As against this testimony, both plaintiffs testified that approximately six or seven acres in the north part of the disputed tract were fenced in the year 1954 and these acres have been cultivated since that time; that this land had never been cultivated or fenced before that time; and that there were small trees on this area before it was cleared and fenced in 1954. Plaintiffs’ other witness testified that he had known the property for about 25 years; that it had not been farmed prior to 1954; and that it had not been fenced prior to 1954 except for a short time when a 2-wire fence was used to pasture cattle on the area in the north portion of the disputed tract.
We cannot find error in the finding that the defendants possessed some portion of the disputed tract for 30 years. No citation is needed for the proposition that this court will not disturb the trial judge’s finding without a showing of manifest error. Tassin v. Louisiana Power & Light Co., 191 So.2d 338, La.App. 3rd Cir. 1966.
However, there is no contention that defendants possessed the entire 21.85 acre tract. On the contrary it was specifically admitted by all witnesses that the portion of the disputed tract outside the fenced and cultivated area had never been possessed by anyone, except to the extent that fence posts had been cut from this area by the Browns or by their tenants to build or repair the fence hereinabove described. And in this connection, defendants admitted that they knew that others had cut timber from this portion of the disputed tract without having purchased it from them. It is on this evidence that plaintiffs claim that their ancestors in title have exercised possession of the disputed tract, for they offered evidence to show that one of their ancestors in title sold timber from this tract. Neither of these arguments prevail, for this is not sufficient possession of the wooded portion of the tract to grant title on the basis of 30 years adverse possession. Jacobs v. Southern Advance Bag & Paper Co., 228 La. 462, 82 So.2d 765, 768, and the authorities cited therein; 12 Tulane Law Rev. 608.
Since plaintiffs have record title, plaintiffs are entitled to all the disputed tract except that portion on the north which was possessed, cultivated and fenced by defendants. Baudin v. Charrier, 137 So.2d 440, La.App. 3rd Cir. 1962.
At the conclusion of the trial, it was stipulated by all parties that a surveyor would be employed to survey the disputed tract *859 and to show where the fence was located. (Tr. 1S9). The survey was filed on April 13, 1966, but it did not show where the fence was located. It is therefore necessary that we remand the case because the present record does not contain sufficiently definite evidence to permit us to fix the exact location of the boundary between the parties. Baudin v. Charrier, supra.
For these reasons, these proceedings are remanded for additional evidence to be educed to establish the location of the fence. The cost of this appeal together with all other costs of these proceedings incurred to date will be assessed one-half to plaintiffs-appellants and one-half to defendants-appellees. See LSA-C.C.P. Art. 2164.
Affirmed in part; reversed and remanded in part.