STOULIG, Judge
(dissenting).
I respectfully dissent. We remanded this case to permit both litigants to adduce evidence on the market value of the land in 1949, the date of the Zodiac-Elmer sale. The point of inquiry was to determine whether the purchase price was so minimal that it would have caused a reasonable man to suspect the title was tainted or so insufficient as to “excite his inquiry,” thereby imposing the obligation upon the purchaser to investigate the title. The documents and testimony produced on the remand added nothing of probative value.
Plaintiff filed 33 acts of sale into evidence whereby Dr. Elmer sold subdivided tracts from the property he bought in 1949 for $22,000. Although the purchase price for the entire tract was $3,300 in 1949 and the later sales of a small portion totalled approximately eight times the amount of the original purchase price, this proves nothing. Plaintiff failed to establish what expenses Dr. Elmer incurred in subdividing the undeveloped lands into individual lots, nor the extent and costs of the off-site improvements. The Board of Commissioners seeks to have us use as a comparable the price of subdivided lots to establish the original market value of the undeveloped land, part marshland and sea marsh. For obvious reasons there is no common basis for comparison. State ex rel. Sewerage Dist. No. 3 v. Bourgeois, 232 So.2d 872 (La.App. 4th Cir. 1970). Another transaction offered as comparable is a sale of property on Grand Isle, a well-established resort community where the property is totally dissimilar in use and character to that acquired by Dr. Elmer in 1949.
Defendants’ comparables were rendered equally useless by the instruction to their abstractor to look for:
“ * * * sales of larger tracts of land * * * within a basic price range * * *. The basic range was from zero to seven dollars * * * ”
By setting a $7 ceiling on this search, the comparables gathered by defendants’ ab-stractor were valueless as reflecting the true and actual market value of the property.
Title should be confirmed in Dr. Elmer. Plaintiff, alleging Dr. Elmer’s bad faith, had the burden of proving the assertion. C.C. art. 3481 states:
“Good faith is always presumed in matters of prescription; and he who alleges bad faith in the possessor, must prove it.”
The burden devolved upon the plaintiff to rebut the presumption that Dr. Elmer acted in good faith. To overcome the effect of this presumption, plaintiff had to prove that Dr. Elmer commenced his possession in bad faith. (C.C. art. 3482) The record does not sustain a finding that plaintiff met this burden of proof by a preponderance of the evidence.
As a corollary to the well-established jurisprudence that a tax sale, a sale or a quit-claim deed without warranty based on a tax adjudication can serve as a basis for *917 a 10-year good faith prescriptive title,[1] it follows that the acquisition of realty under one of these forms of conveyances cannot in itself be legally construed as indicative of bad faith. Nor will recitals in the instrument of non-warranty, declaration of possession by the seller, assumption of unpaid taxes or redemptive procedures by the purchaser taint the transaction with bad faith.
A minimal purchase price in itself is insufficient to destroy the presumption of good faith. There is never a reasonable relationship in value between the market value of the property and the amount for which it is adjudicated at a tax sale, yet such a deed can serve as the basis for a 10-year prescriptive title. Price is but one of the many elements that must be considered in the determination of the issue of good faith. In matters of 10 years good faith prescription, substantial disparity between the acquisitive price and the market value of the realty is not per se bad faith.
Thus from the foregoing the determination of bad faith must be adjudged upon the totality of all circumstances attendant on the confection of the conveyance. No one factor alone has greater significance than the others unless the facts in the particular case clearly demonstrate it to be the decisive or one of the overriding considerations. However nothing will relieve the litigant who alleges bad faith from the obligation of proving it, thereby rebutting the presumption of the possessor’s good faith.
As I view the record as now constituted it reflects Dr. Elmer bought a large tract of land, under a non-warranty deed from a tax purchaser, for a little less than $2 per acre. The value of comparable property at the time of his purchase is unknown. The plaintiff has failed to establish any of the factors that would constitute Dr. Elmer a possessor in bad faith, particularly at the commencement of his possession, and therefore the presumption of good faith accorded in matters of prescription has not been rebutted.
For these reasons, I am of the opinion that the judgment of the trial court should be affirmed.

. Jacobs v. Southern Advance Bag & Paper Company, 228 La. 462, 82 So.2d 765 (1955); Smith v. Southern Kraft Corporation, 202 La. 1019, 13 So.2d 335 (1943); Dupuy v. Joly, 197 La. 19, 200 So. 806 (1941); Land Development Co. v. Schulz, 169 La. 1, 124 So. 125 (1929); Nugent v. Urania Lumber Co., 16 La.App. 73, 133 So. 420 (2d Cir. 1931).